1   **Ashwin Ladva, Esq. (S. Bar # 206140)**
    **Scott S. Nakama (SB# 296732)**
2   **LADVA LAW FIRM**
    530 Jackson Street, 2nd Flr.
3   San Francisco, CA 94133
    (415) 296-8844
4   (415) 296-8847 (f)
    ladvalaw@gmail.com
5   snakama@ladvalaw.com

6   **Daniel Martinez de la Vega, Esq. (SB# 255885)**
7   **LAW OFFICES OF DANIEL VEGA**
    201 Spear Street, Suite 1100
8   San Francisco, CA 94105
    Telephone: (415) 287-6203
9   Fax: (415) 704-5067
    dvega@vegalawyer.com
10

11  Attorneys for Plaintiff
    Benjamin Juster and others similarly situated
12

13              UNITED STATES DISTRICT COURT FOR THE
14
15              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  Benjamin Juster, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WORKDAY, INC. and HIRERIGHT,  LLC<br><br>Defendants. | Case No:<br><br>1.  Violation of Cal. Bus. & Prof. Code § 16600<br>2.  Violation of Labor Code 432.3<br>3.  FEHA DISCRIMINATION<br>4.  Violation Of The Fair Credit Reporting Act For Failure To Obtain Proper Authorization [15 U.S.C. § 1681, Et Seq.];<br>5.  Violation Of The Fair Credit Reporting Act For Failure To Make Proper Disclosures [15 U.S.C. § 1681, Et Seq.];<br>6.  Violation Of The Consumer Credit Reporting Agencies Act For Failure To Obtain Proper Disclosures [California Civil Code § 1785, Et Seq.].<br>7.  Violation Of The Investigative Consumer Reporting Agencies Act For Failure To Make Proper Disclosures [California Civil Code § 1786, et seq.]; and,<br>8.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, et seq. against WORKDAY, INC.; |

Complaint for Damages

| | | 9. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, et seq. against HIRERIGHT, LLC; <br> 10. Breach of Contract <br> 11. Breach of Implied Covenant of Good Faith. |
|---|---|---|
| | | |

Plaintiff, Benjamin Juster, individually and on behalf of all others similarly situated, for their complaint against WORKDAYWORKDAYWORKDAY, INC., HIRERIGHT,  LLC and DOES 1-100, inclusive, as follows:

## THE PARTIES

1.  Plaintiff Benjamin Juster resides in California.  Plaintiff Juster applied to WORKDAY, INC. ("WORKDAY") in approximately May 2021 and was hired to work for Defendant WORKDAYin June of 2021.  Plaintiff is also a signatory to an unlawful June 7, 2021 agreement with Defendant WORKDAY.

2.  DefendantWORKDAY is a corporation organized and existing under the laws of Delaware that maintains an established place of business in the City of Pleasanton, California,   Alameda County, California.

3.  Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned defendant HIRERIGHT, LLC (hereinafter "HIRERIGHT") was and is a Delaware corporation engaged in the business of providing background checks for employees, with its principal place of business located in the City of Irvine, County of Orange, State of California.

## CLASS ACTION ALLEGATIONS

4.  In approximately May 2021, Plaintiff applied to Defendant WORKDAY in San Francisco, California.  In June 2021, WORKDAY hired Plaintiff.

Complaint for Damages

5.   After plaintiff was hired, he filled out WORKDAY's standard application form permitting WORKDAY to obtain "consumer report" of Plaintiff.

6.   Plaintiff sue, on behalf of himself and all others similarly situated, as a class action under Federal Rule of Civil Procedure 23.  Defendants' wrongful acts or omissions were and are a uniform practice that affected all putative class members equally.  Defendants, by their practices and policies, have violated the rights of their employees under the California Labor Code, Investigative Consumer Reporting Agencies Act ("ICRAA"), California Consumer Credit Reporting Agencies Act ("CCRAA"), Fair Credit Reporting Act ("FRCA"), and California Unfair Competition Law.  Plaintiff's first proposed Class, the "FCRA Class," consists of and is defined as:

> All persons residing in the United States who applied for an employment position with Defendant WORKDAY any time during the period for which a background check was performed by Defendants within five years prior to the filing of this complaint until final judgment.

7.   Plaintiff's second proposed class, the "ICRAA Class," consists of and is defined as follows:

> All members of the FCRA Class who reside in California.

8.   Plaintiff's third proposed class, the "CCRAA Class," consists of and is defined as follows:

> All persons residing in California, who applied for an employment position with Defendant WORKDAYat any time during the period for which a background check was performed by Defendants within seven years prior to the filing of this complaint until the date of trial.

9.   Plaintiff's fourth proposed class, the "16600 Non-solicitation Class," consists of and is defined as follows:

> All persons residing in California, who signed a Non-Solicitation Agreement with WORKDAY at any time within four years prior to the filing of this complaint until the date of trial.

10. Plaintiff's fifth proposed class, the "FEHA Class," consists of and is defined as follows:

> All persons residing in California, who WORKDAY denied an employment offer solely or in part because of his conviction history at any time within Four years prior to the filing of this complaint until the date of trial.

11. The questions raised are therefore of common or general interest to the class members, and they have a well-defined community of interest in the questions of law and fact raised in this action.  The

only recognizable difference between class members will be the total amounts owed to each individual member.

12. Based on information and belief, Defendants have employed a large number of individuals in the State of California (a number known particularly to Defendants) since the beginning of the Class Period. These individuals have been subject to Defendants' unlawful and wrongful practices, and their numerosity makes it impractical to bring them all before this forum, and disposition of their claims in a class action is a benefit to the parties and to the court.

13. A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

14. A class action is appropriate since Plaintiff and class members' damages, although by no means inconsequential, do not rise to the level to make prosecution of individual claims economically feasible for Plaintiffs and class members to pursue.  The burden and expense of individual litigation makes it economically unfeasible for the members of the class to seek redress other than through a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

15. The prosecution of individual remedies by members of the class would tend to establish inconsistent standards of conduct for the Defendants and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

16. Plaintiff know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

17. Plaintiff and members of the class have incurred and, during the pendency of this action, will incur attorneys' fees and expenses.  Such attorneys' fees and expenses are necessary for the prosecution of this action and will result in a benefit to the class.

18. Upon information and belief, Defendants were aware of the facts herein alleged at the time they failed to perform the duties alleged herein.

19. The names and addresses of the persons who are members of the class are available from Defendants' records and are therefore known to Defendants.  Notice can be provided to the member of the class by mail, or by using techniques and a form of notice similar to those customarily used in class actions under California law, with the costs of any notice to be borne by Defendants.

20. The Defendants' unlawful acts and unfair trade practices have affected all members of the Class in a similar manner, i.e., all members of the Class have been unlawfully required to sign non-compete agreements and discrimination individuals based upon Conviction History.  As a proximate result, Plaintiff and Class members suffered damages.  Among the questions of law and fact common to the Class are:

(a)  Whether Defendants violated California labor laws as to Plaintiff and Class Members.
(b)  Whether WORKDAY forced Plaintiff and Class members to sign unlawful non-compete and non-solicitation clause.
(c)  Whether WORKDAY violated FEHA as to Plaintiff and Class Members.
(d)  Whether Defendants performed unlawful background checks as to Plaintiff and Class Members.

21. Plaintiff's claims are typical of those of the Class he seeks to represent because Plaintiff and all members of the Class were injured and/or continue to be injured in the same manner by Defendants' illegal acts and practices, and other wrongful conduct complained of herein.

22. Plaintiff will fully and adequately protect the interests of all members of the Class.  Plaintiff has retained counsels who are experienced in class action litigation.  Plaintiff have no interests that are adverse to or in conflict with other members of the Class.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

23. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid consent to the background check.

24. Under the FCRA, it is unlawful to procure or caused to be procured a consumer report for employment purposes unless a disclosure is made to the applicant or employee in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes and the applicant or employee authorizes, in writing, the procurement of the report. 15 U.S.C. § 1681 b(b)(2)(A)(i)-(ii). A similar requirement obtains under the ICRAA. See Cal. Civ. Code § 1786.16(a)(2)(B) ("The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made  in a document that consists solely of the disclosure[.]").

25. Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

26. The FCRA, ICRAA, CCRAA or the California Labor code does not permit Defendants to seek reports related to the class's earning history.  For example, Defendants here required the class to sign

overbroad authorizations that permitted the disclosure of the class's earning history.  Defendants' disclosure instead gave the appearance that the class could be legally to required to divulge and/or permit the disclosure of such information on the condition of employment.

27. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.

28. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. The authorization and disclosure must stand-alone.

29. In violation of 15 U.S.C.§ 1681b(b)(2)(A)(ii), Defendant has obtained consumer reports regarding Plaintiff and all Proposed Class Members without proper authorization because the authorization and disclosure forms failed to comply with the requirements of the FCRA.

30. Plaintiff applied to work for WORKDAY in California. In June of 2021, Plaintiff was required to fill out Defendants' unlawful standard authorization form permitting Defendants to obtain a consumer report verifying Plaintiff's background and experience.

31. Defendant's authorization form states:

"The types of background information that may be obtained include, but are not limited to: criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information."

32. Nonetheless, upon information and belief, Defendants then not only secured "consumer reports" regarding Plaintiff and also obtained "investigative consumer reports" of Plaintiff.

33. Upon information and belief, WORKDAY required all applicants to complete the same standard authorization form.

Complaint for Damages

34. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (ii) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report. 15 U.S.C. §§ 1681 b(b )(2)(A)(i)-(ii)

35. Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the form should not include any extraneous information. Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 168lb(b)(2)(A), which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

36. This requirement is meant to prevent the consumer from being confused or distracted by other extraneous information side-by-side with this very important disclosure. Pursuant to California and Federal law the disclosure shall not be diminished in importance by including unrelated information. Pursuant to California and Federal law the disclosure must be clear and conspicuous, understandable and noticeable.

37. Defendants' failure to provide a clear disclosure, in a document that consists solely of the authorization and disclosure, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed under California law and 15 U.S.C. section 1681 b(n)(2)(A)(i)-(ii). Plaintiff was confused by the standard form document and did not understand that Defendants would be conducting a background investigation and obtaining an investigative consumer report as defined in the FCRA and ICCRA.

38. Thus, in addition to the authorization and disclosure to obtain information about background and experience, WORKDAY required signature of a **PROPRIETARY INFORMATION AND INVENTIONS ASSIGNMENT AGREEMENT** that contained a non-compete and/or non-solicitation provision.

### The Class

39. Plaintiff brings these Causes of Action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action.

40. Plaintiff seeks to represent a Class composed of and defined as follows: "all persons in the United States who signed an application for employment form permitting Defendants to obtain a consumer report that included an authorization during the period beginning five (5) years prior to the filing of the Complaint and ending on the date as determined by the Court." (the "Proposed Class")

41. Plaintiff reserve the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

42. Defendants, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. § 1681 , et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendants uniformly, unfairly, and unlawfully instituted a policy of including a liability release in its standard application form.

43. Defendants uniformly violated the rights of the Proposed FCRA Class by violating the FCRA 15 U.S.C. §168lb(b)(2)(A)(i)-(ii) by including a liability release in its standard application form.

44. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

**A. Numerosity**

45. The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed Classes has not been determined at this time, Plaintiff is informed and believes that Defendants, during the relevant period, had applicants that numbered well over 1,000.

46. Plaintiff alleges that Defendants' records will provide information as to the number of all members of the Proposed Class.

### B. Commonality

47. There are questions of law and fact common to the Proposed Classes that predominate over any questions affecting only individual members of the Class.

48. These common questions of law and fact include, without limitation:

a. Whether Defendants required members of the Proposed Class to fill out an authorization form permitting Defendants to obtain a consumer report;
b. Whether Defendants required members of the Proposed Class to fill out an authorization form permitting Defendants to obtain an Investigative Consumer Report;
c. Whether Defendants' disclosures and authorization forms permitting Defendant to obtain a consumer report complies with 15 U.S.C. § I 681, et seq.;
d. Whether Defendants' disclosures and authorization forms permitting Defendant to obtain an investigative consumer report complies with 15 U.S.C. § I 681, et seq.;
e. Whether Defendants' violated 15 U.S.C. § 1681, et seq. by procuring consumer reports without valid authorization;
f. Whether Defendants' violated 15 U.S.C. § 1681, et seq. by procuring investigative consumer reports without valid authorization;
g. Whether Defendants' violated California or Federal Law by procuring overbroad and thus invalid authorizations;
h. Whether Defendants' violated California or Federal Law by failing to disclose these authorizations were "ongoing" and thus were invalid authorizations for later background checks;
i. Whether Defendants' violations of 15 U.S.C. §1681, et seq. were willful.
j. Whether it is Defendants' standard procedure to provide a stand-alone written disclosure to applicants and employees before obtaining a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;
k. Whether it is Defendants' standard procedure to provide applicants and employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

l.   Whether it is Defendants' standard procedure to provide applicants and employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

m.  Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

n.   The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

o.   Whether WORKDAY violated FCRA, ICRAA, CCRAA or the California Labor Code (including but not limited to Labor Code § 432.3) when it sought applicants prior "salary history."

p.   Whether  WORKDAY discriminated against applicants with conviction history and violated FEHA.

q.   Whether WORKDAY's non-compete and non-solicitation agreements violated California and Federal law.

**C. Typicality**

49. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Classes.

50. Plaintiff is a member of the Proposed Classes. Plaintiff was an applicant and filled out Defendants' standard form permitting Defendants to obtain a consumer report. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Classes.

51. Plaintiff and other members of the Proposed Classes suffered the same injuries and seek the same relief.

**D. Adequacy of Representation**

52. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Classes.

53. Counsel for Plaintiff are competent and experienced in litigating large complex consumer and wage and hour class actions.

**E. Predominance and Superiority of a Class Action**

54. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Classes is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Proposed Classes.

55. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial systems.

56. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

57. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

**<u>Administrative Exhaustion</u>**

58. On September 24, 2021, Plaintiff filed a charge with the California Department of Fair Employment and Housing against WORKDAY for discriminating against him and other similarly situated employees based on their criminal history.

59. On September 24, 2021, Plaintiff obtained his Right to Sue Letter from the California Department of Fair Employment and Housing.

60. On September 24, 2021, Plaintiff served WORKDAY with his Right to Sue Letter via certified mail.

### First Cause of Action
*(Violation of Cal. Bus. & Prof. Code § 16600)*
*(Against Defendant WORKDAY)*

61. Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further allege against Defendants and each of them as follows:

62. Defendants entered into, implemented, and enforced express agreements that are unlawful and void under Section 16600.

63. Non-disclosure agreements and policies affect the State of California's interest in promoting commercial competition via the free flow of information. These agreements constitute a restraint on trade.

64. WORKDAY's PROPRIETARY INFORMATION AND INVENTIONS ASSIGNMENT AGREEMENT and policies contain no geographic limitation.

65. Defendant WORKDAY required signature of a PROPRIETARY INFORMATION AND INVENTIONS ASSIGNMENT AGREEMENT that contained a non-compete and/or non-solicitation provision of WORKDAY'S agents, employees, customers, clients and other parties.

66. As described above, WORKDAY requires employees to agree, in writing, to confidentiality agreements and confidentiality policies that unlawfully restrain trade by prohibiting the use of information that is not confidential as a matter of law. For example, the confidentiality agreements purport to prevent employees from using or disclosing all of the general skills, knowledge, acquaintances, and the overall experience they obtained at WORKDAY. The confidentiality agreements also purports to prevent employees from using or disclosing general business practices.

The confidentiality agreements also purport to prevent employees from using or disclosing customer information that is readily available to competitors through normal competitive means. The confidentiality agreements and policies prohibit employees from using their knowledge of their own and other employees' working conditions and wages for purposes of competition, as permitted by Labor Code.

67. As described above, WORKDAY requires employees to agree in writing to confidentiality agreements and policies that unlawfully restrain trade by prohibiting employees from speaking with prospective employers about information that is not confidential as a matter, about their work at WORKDAY, and about their wages and working conditions. WORKDAY also requires them to inform prospective employers of WORKDAY's restrictions on their employees' freedom to work. This is a violation of California Business & Professions Code §§ 17200 *et seq.* (through application of the Business & Professions Code § 16600 and the Cartwright Act) and California Labor Code §§ 232, 232.5 and 1197.5(j)/(k). WORKDAY knows or should know that their confidentiality agreements and policies violate the law.

68. As described above, WORKDAY prohibits employees from engaging in lawful conduct during non-work hours. This lawful conduct includes the exercise of constitutional rights such as freedom of speech, freedom to speak the press, and economic liberty under both the California and federal constitutions. The lawful conduct also includes engaging in conduct protected by the Labor Code with respect to disclosing information about wages and working conditions and illegal conduct.

69. Defendants' agreements have included concerted action and undertakings among the Defendants with the purpose and effect of: (a) reducing open competition among Defendants for skilled labor; (b) reducing employee mobility; (c) eliminating opportunities for employees to pursue lawful employment of their choice; (d) limiting employee professional betterment, and (e) deeming the

Complaint for Damages

"identity of and information relating to customers or employees" as confidential and considered "Proprietary Information."

70. Defendants' agreements are contrary to California's settled legislative policy in favor of open competition and employee mobility, and are therefore void and unlawful.

71. Defendants' agreements were not intended to protect and were not limited to protect any legitimate proprietary interest of Defendants.

72. Defendants' agreements do not fall within any statutory exception to Section 16600.

73. Accordingly, Plaintiff and members of the class seek a judicial declaration that Defendants' agreements and conspiracy are void as a matter of law under Section 16600, and a permanent injunction enjoining Defendants' from ever again entering into similar agreements in violation of Section 16600.

74. WORKDAY knows or should know that their confidentiality agreements and policies violate the law.

75. Accordingly, WORKDAY imposes a term and condition of employment on all WORKDAY employees that they know are prohibited by law in violation of Labor Code § 432.5.

76. The confidentiality agreements and policies violate California Business & Professions Code §§ 17200 *et seq.* through application of California Business & Professions Code § 16600 and the Cartwright Act.

**SECOND CAUSE OF ACTION**
**For Willful Violations of Labor Code § 432.3 –**
**Unlawful Request for Salary History**
***(Against Defendant WORKDAY)***

77. Plaintiff and Class Members repeats and reallege the preceding and subsequent paragraphs as though set forth herein.

78. WORKDAY knowingly and intentionally requested Plaintiff and Class members to disclose their salary, in violation of California Labor Code § 432.3.

79.  Labor Code § 432.3 (b) provides additionally, in pertinent part, as follows: "An employer shall not, orally or in writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment."

80. WORKDAY violated the above Labor Code section and Wage Order provision with respect to Plaintiff and the Class members because they required all employees to sign authorizations that authorized Defendants to seek "Background Reports" and/or "Consumer Reports" that "may be obtained include, but are not limited to… employment and earnings history…"

81. Defendants authorization is overbroad and provides no disclosure that Defendants may not "seek salary information" under California State Law.

82. Labor Code § 432.3 (h) provides "If an applicant voluntarily and without prompting discloses salary history information to a prospective employer, nothing in this section shall prohibit that employer from considering or relying on that voluntarily disclosed salary history information in determining the salary for that applicant."

83. Plaintiff and Class members 1) did not voluntarily sign Defendants' authorization and 2) signed the authorization at Defendants' prompting.   Defendants prompted Plaintiff and Class members to sign the authorization because it was a condition of employment.

84. Defendants request for an authorization to obtain earnings history is prohibited under California case law and statute. Defendants knew or should have known that these prompting an applicant to disclose earnings history violate the law, yet they require them anyway. Accordingly, Defendants imposed a term and condition of employment on all employees that they know or should know is prohibited by law in violation of Labor Code § 432.5.

85. As a direct result of the Defendants failure, Plaintiffs and Class Members were injured and are entitled to recover damages.

86. Plaintiff also seeks injunctive relief prohibiting Defendants' conduct.

87. Plaintiff and Class Members are entitled to statutory penalties and attorneys' fees pursuant to Labor Code and California Code of Civil Procedure § 1021.5.  Wherefore, Plaintiffs and Class Members prays judgment as set forth herein below.

### THIRD CAUSE OF ACTION
Unlawful Use of Conviction History
Cal. Gov. C. § 12952
*(Against Defendant WORKDAY)*
)

88. Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference each of the allegations, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

89. On information and belief, WORKDAY terminated and/or rescinded Plaintiff and Class members' employment solely or in part because of his conviction history. WORKDAY had an unlawful policy and practice of not hiring workers who had a criminal conviction.

90. On information and belief, Defendants failed to conduct an individualized assessment of whether Plaintiff and Class member's conviction history had a direct and adverse relationship with the specific duties of Plaintiff and Class member's job, failed to consider the nature and gravity of the offense or conduct, failed to consider the number of years that had passed since the conviction, failed to consider the nature of the job held, such that would consideration of these factors justified terminating Plaintiff and Class members, as required by Government Code § 12952(c)(1)(A).

91. WORKDAY failed to properly notify Plaintiff in writing of their preliminary decision and failed to provide Plaintiff with (1) notice of the disqualifying conviction(s), (2) a copy of the conviction history report, if any, and (3) an explanation of Plaintiff's right to respond to the notice of preliminary decision and the deadline by which to respond, as required by Cal. Gov. Code § 12952(c)(2).

92. WORKDAY further failed to properly notify Plaintiff of its final decision, including (1) any existing procedure Defendant had to challenge the decision or request reconsideration; and (2) the right to file a complaint with the Department of Fair Employment and Housing, as required by Cal. Gov. Code § 12952(c)(5).

93. WORKDAY also failed to provide Plaintiff with 5 business days to respond to the notice of preliminary decision to terminate his representation before Defendants finalized their decision to terminate Plaintiff.

94. WORKDAY'S termination of Plaintiff as alleged in this complaint constitutes an unlawful employment practice.

95. As a direct, foreseeable, and proximate result of WORKDAY'S discriminatory acts, Plaintiff and Class members have suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff and Class member damage in an amount to be proven at trial. Plaintiff and Class members also seek reinstatement.

96. The conduct of WORKDAY as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. WORKDAY and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### Fourth Cause Of Action
**For Failure to Make Proper Disclosure in Violation of the FCRA**
**[15 U.S.C. § 1681b(b)(2)(A)(I),** *et seq.***]**
(***By Plaintiff and the FCRA CLASS Against All Defendants***)

97. Plaintiff, and the other members of the FCRA Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98. Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including extraneous information in Defendants' background check disclosure and authorization form that Plaintiff and other FCRA class members were required to execute as a condition of employment with Defendants.

Complaint for Damages

99. The violations of the FCRA were willful. Defendants knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA and acted in deliberate disregard of its obligations and the rights of Plaintiff and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

100.      FCRA and ICRAA require a disclosure form to be "clear and conspicuous." 15 U.S.C. § 1681b(b)(2)(A)(i); Cal. Civ. Code §1786.16(a)(2)(B).

101.      Defendants' disclosure states;

"The background report(s) may contain information concerning your character, general reputation, personal characteristics, mode of living, or credit standing. The types of background information that may be obtained include, but are not limited to: criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information."

102.      This disclosure and/or substantially similar Disclosure is used by Defendants throughout and outside California.

103.      The second sentence does state any limits on the all-encompassing nature of the authorization or identify what those limits might be. The disclosure would confuse a reasonable reader into thinking there are no limits to the information Defendants may obtain.

104.      The surplus and overbroad language in Defendants' disclosure form does not comport with FCRA's purpose and distracts or confuses the reader of his rights under FCRA. Defendants do not define criminal history or explain that the FCRA governs arrests and convictions over a finite period.

105.      Defendants' use the term "other things" in order to distract and for potential defense of liability for obtaining information that is not permitted under statute.

Complaint for Damages

106.     Defendants' use the term "drug/alcohol testing results" in order to distract and for potential defense of liability for obtaining medical information from a source not permitted under statute.

107.     The disclosure and authorization is also overbroad and in Violation of Labor Code 432.3 because a California employer "may not" seek or prompt an employee to disclose salary history as this disclosure and authorization form does.

108.     Defendants also fail to disclose this form authorization is used to screen applicants and employees and may be used for subsequent screenings in the future.

109.     Defendants also conflate the two types of reports is sought, created or gathered; "investigative consumer reports" and a "consumer reports" that they are seeking.  Both have different protections and include different methods of collecting information and disclosures.

110.     15 USC § 1681a(e) states;

(e) The term "investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer.

111.      Defendants conducted personal interviews of Plaintiff and "with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted to obtain information" of Plaintiff and Class Members but do not include this in their disclosure.

112.     Plaintiff and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

113.        Plaintiff and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

114.        Plaintiff and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### Fifth Cause Of Action
**For Failure to Obtain Proper Authorization in Violations of the FCRA**
Violation of the Fair Credit Reporting Act § 1681b(b)(2)(A)
(*As to the FCRA Class Only*)
(*As to All Defendants*)

115.        Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

116.        Defendants are "persons" as defined by § 1681a(b) of the FCRA.

117.        Plaintiff and Class Members are consumers within the meaning §1681a(c) of the FCRA, because they are "individuals."

118.        Defendants violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and Class Members with a clear and conspicuous written disclosure, before the report(s) are procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

119.        Defendants also fail to disclose this form authorization is used to screen applicants and employees and may be used for subsequent screenings in the future.

120.        Defendants conflate the two types of reports; "investigative consumer reports" and a "consumer reports" that they are seeking.  Both have different protections and include different methods of collecting information and disclosures.

121.        15 USC § 1681a(e) states;

(e) The term "investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the

Complaint for Damages

consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer.

122.     Defendants conducted personal interviews of Plaintiff and "with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted to obtain information" of Plaintiff and Class Members but do not include this in their disclosure.

123.     The scope of this notice and authorization is all-encompassing; however, allowing Defendants to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law.

124.     The is disclosure state;

"The types of background information that may be obtained include, but are not limited to: criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information."

125.     This disclosure is intentionally broad and vague in order to avoid future liability.

126.     Pursuant to California and Federal law the disclosure must be clear and conspicuous, understandable and noticeable.

127.     Defendants' disclosure violates the stand-alone requirement because it combines federal and state disclosures.

128.     Moreover, even if the "DISCLOSURE AND AUTHORIZATION REGARDING BACKGROUND INVESTIGATION FOREMPLOYMENT PURPOSES" and "Release Authorization" constitute stand-alone documents, Defendants' disclosure violates § 1681b(b)(2)(A) by including extraneous state law in the "Consumer Disclosure and Authorization Form."

129.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and Class Members without first providing a written disclosure in compliance with §1681b(b)(2)(A) of the FCRA.

130.     Defendants' conduct in violation of § 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

a. Defendants are a large corporation with access to legal advice through their own general counsel's office and outside employment counsel.

b. The Consumer Reporting Agency that provided Plaintiff's consumer reports and investigative consumer reports information to Defendants, Hireright, is an established background check provider.

c. Defendants were clearly aware that the required disclosure must be set forth in a clear and conspicuous written stand-alone document consisting solely of the disclosure, based on the fact Defendants provided a disclosure and required an authorization to perform credit and limited background checks in the process of employing Plaintiff and Class Members which, although defective, evidence Defendants' awareness of and willful failure to follow the statutory mandates.

d. The plain language of the statute unambiguously indicates that including extraneous information in a disclosure violates disclosure requirements.

131.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, § 1681b(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above. As a result of Defendants' illegal procurement of consumer reports by way of their inadequate disclosure, as set forth above, Plaintiff and Class Members have been injured

including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

132.     Plaintiff, on behalf of himself and the FCRA Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, equitable relief, and attorneys' fees and costs.

133.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

**<u>Sixth Cause Of Action</u>**
**Violation of the Consumer Credit Reporting Agencies Act Section**
**1785 et seq.**
**(As to the CCRAA Class Only)**
(*As to All Defendants*)

134.     Plaintiff and Class Members repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

135.     Defendants are "persons" as defined by Cal. Civ. Code Section 1785.3(j).

136.     Plaintiff and Class Members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

137.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

138.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as: "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information

Complaint for Damages

on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

139.     Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee." Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that: (a) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report; (b) informs the person of the source of the report; and (c) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

140.     At all relevant times herein, Defendants willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members, because they failed to provide written notice to Plaintiff and Class Members that references a specific basis for the report under Cal. Labor Code Section 1024.5 and failed include a check box that would allow Plaintiff and Class Members to opt to receive a copy of their consumer credit report.

141.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of failing to:

a. **identify the specific basis under Labor Code section 1024.5(a) for use of the report, and**

b. provide notice including a check box that would allow applicants and employees to choose to receive a copy of their consumer credit report.

142.      Pursuant to that policy and practice, Defendants willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members.

143.      Accordingly, Defendants willfully violated and continue to violate the CCRAA including, but not limited to, Section 1785.20.5(a) and have violated the privacy rights of Plaintiff and Class Members. Defendants' willful conduct is reflected by, among other things, the facts set forth above.

144.      As a result of Defendants' willful conduct as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

145.      Plaintiff, on behalf of himself and the CCRAA Class Members, seeks all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, equitable relief, and attorneys' fees and costs.

146.      The Defendants knowingly and intentionally requested Plaintiff and Class members to disclose their salary, in violation of California Labor Code § 432.3.

147.       Labor Code § 432.3 (b) provides additionally, in pertinent part, as follows: "An employer shall not, orally or in writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment."

148.      Defendants failed to provide Plaintiff and Class Members with a clear and conspicuous written disclosure, before the report(s) are procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

149.      Defendants also fail to disclose this form authorization is used to screen applicants and employees and may be used for subsequent screenings in the future.

Complaint for Damages

150.     Defendants willfully violated California Civil Code § 1786.16(2)(B) because it failed to provide Plaintiff "clear and conspicuous" notice of the following in a written document that consists solely of the disclosure.

151.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

152.     Plaintiff and Class Members have incurred, and will continue to incur attorneys' fees and costs in the prosecution of this action.  Plaintiffs and Class Members seek attorneys' fees under all applicable provisions of law.  Wherefore, Plaintiffs prays judgment as set forth herein below.

**Seventh Cause Of Action**
Violation of the Investigative Consumer Reporting Agencies Act
Section 1786.16(a)(2)
(As to the ICRAA Class Only)
(*As to All Defendants*)

153.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

154.     Defendants are "persons" as defined by Cal. Civ. Code Section 1786.2(a).

155.     Plaintiff and Class Members are "consumers" within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

156.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

157.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information

concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

158.    First, Section 1786.16(a)(2) provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct . . ., the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure[].

(i) An investigative consumer report may be obtained.

(ii) The permissible purposes of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause

(iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will

be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012. (C) The consumer has authorized in writing the procurement of the report.

159.     Defendants violated Section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and Class Members with a clear and conspicuous disclosure in writing that consisted solely of the disclosure.

160.     Defendants do not disclose they are seeking two types of reports; "investigative consumer reports" and a "consumer reports."  Both have different protections and include different methods of collecting information and disclosures (including but not limited to personal interviews).

161.     Defendants willfully violated California Civil Code § 1786.16(a)(2)(C) because it failed to obtain written clear and conspicuous authorization from Plaintiff and class members prior to obtaining a consumer background report for employment purposes.

162.     Moreover, even if the "Consumer Disclosure and Authorization Form" and "Release Authorization" constitute stand-alone documents. Defendants also violated Section 1786.16(5)(b)(1) by failing to provide a checkbox in the "Consumer Disclosure and Authorization Form" or on a separate consent form to request to receive a copy of the investigative consumer report.

163.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them with stand-alone disclosures, as required by law.

164.     The Defendants knowingly and intentionally requested Plaintiff and Class members to disclose their salary, in violation of California Labor Code § 432.3.

165.     Labor Code § 432.3 (b) provides additionally, in pertinent part, as follows: "An employer shall not, orally or in writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment."

166.     Defendants also fail to disclose this form authorization is used to screen applicants and employees and may be used for subsequent screenings in the future.

167.     Pursuant to Defendants' policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and Class Members without complying with the requirements set forth in Sections 1786.16(a)(2) of the ICRAA.

168.     Accordingly, Defendants willfully violated and continue to violate the ICRAA including, but not limited to Section 1786.16(a)(2), Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

169.     As a result of Defendants' willful or grossly negligent failure to provide the required form as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA, among other injuries.

170.     Plaintiff, on behalf of himself and the ICRAA Class Members, seeks all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, equitable relief, and attorneys' fees and costs.

**Eighth Cause Of Action**
**For Violations of California Business and Professions Code Sections 17200, et seq.**
***Based Upon Defendants' Unfair Business Acts and Practices***
(*As to Defendant WORKDAY*)

171.     Plaintiff and Class Members repeats and reallege the preceding and subsequent paragraphs as though set forth herein.

Complaint for Damages

172.     As described above, WORKDAY's agreements, policies, and practices with respect to its California-based employees violate numerous laws and constitute unfair and unlawful business practices in violation of California Business & Professions Code § 17200 et seq.

173.     Plaintiff remains subject to WORKDAY's unlawful agreements.

174.     Plaintiff seeks a public injunction against WORKDAY prohibiting it from enforcing its confidentiality agreement, non-solicitation clauses and other writings to the extent they are unlawful.

175.     Plaintiff further seeks an affirmative public injunction in which WORKDAY is required to inform all its former and current employees that it will not enforce its confidentiality agreements or other writings and that these former and current employees are permitted to (among other things):

a. Work for a WORKDAYclient without seeking WORKDAY's permission.
b. Approach a WORKDAY client about full time work without notifying WORKDAY.
c. Ask a WORKDAY client why their assignment ended.
d. Use and disclose the general skills, knowledge, acquaintances, and the overall experience they obtain at WORKDAY and its clients in working for other employers or themselves.
e. Use and disclose the customer and other information learned at WORKDAY or its clients in practicing their trade when that information is readily available to competitors through normal competitive means.
f. Discuss WORKDAY and its clients during non-work hours and away from their employer's premises, except when such discussions would reveal trade secrets.
g. Identify WORKDAY clients.
h. Use and disclose information about working conditions and wages.
i. The Noncompete clause signed is unlawful
j. Engage in other conduct protected by California law.
k. The solicitation clause signed is unlawful

176.     WORKDAY also violated California's Unfair Competition Law by violating Section 16600.

177.     WORKDAY knowingly and intentionally requested Plaintiff and Class members to disclose their salary, in violation of California Labor Code § 432.3.

178.     Labor Code § 432.3 (b) provides additionally, in pertinent part, as follows: "An employer shall not, orally or in writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment."

179.     As described above, WORKDAY also violated the unlawful prong of the UCL in that WORKDAY's conduct and disclosure violated numerous provisions of the FCRA, CCRAA, ICRAA, California Labor Code and HIPPA.

180.     The following disclosure is overbroad and intentionally vague in order to avoid liability or as a defense in future actions;

> "The types of background information that may be obtained include, but are not limited to: criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information."

181.     WORKDAY violated the unfair prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting investigative consumer background checks and otherwise taking the necessary steps to adhere to the FCRA, CCRAA, ICRAA, California Labor and HIPPA. Further, any utility for WORKDAY's conduct is outweighed by the gravity of the consequences to Plaintiff and putative class members because the conduct offends public policy.

182.     As a result of WORKDAY's violations of Business and Professions Code section 17200, WORKDAY has unjustly enriched themselves at the expense of Plaintiff and the Class. The unjust enrichment continues to accrue as the unlawful, unfair, and fraudulent business acts and practices continue.

183.     To prevent their unjust enrichment, WORKDAY and their co-conspirators should be required pursuant to Business and Professions Code sections 17203 and 17204 to disgorge their illegal

gains for the purpose of making full restitution to all injured class members identified hereinabove. WORKDAY should also be permanently enjoined from continuing their violations of Business and Professions Code section 17200.

184.     The acts and business practices, as alleged herein, constituted and constitute a common, continuous, and continuing course of conduct of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200, *et seq.*, including, but in no way limited to, violations of Section 16600.

### Ninth Cause Of Action
### For Violations of California Business and Professions Code Sections 17200, et seq.
### *Based Upon Defendants' Unfair Business Acts and Practices*
(*As to Defendant HIRERIGHT*)

185.     Plaintiff and Class Members repeats and reallege the preceding and subsequent paragraphs as though set forth herein.

186.     As described above, HIRERIGHT'S agreements, policies, and practices with respect to its California-based employees violate numerous laws and constitute unfair and unlawful business practices in violation of California Business & Professions Code § 17200 et seq.

187.     HIRERIGHT knowingly and intentionally requested Plaintiff and Class members to disclose their salary, in violation of California Labor Code § 432.3.

188.      Labor Code § 432.3 (b) provides additionally, in pertinent part, as follows: "An employer shall not, orally or in writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment."

189.     As described above, HIRERIGHT also violated the unlawful prong of the UCL in that HIRERIGHT'S conduct and disclosure violated numerous provisions of the FCRA, CCRAA, ICRAA, California Labor Code and HIPPA.

190.     The following disclosure is overbroad and intentionally vague in order to avoid liability or as a defense in future actions;

> "The types of background information that may be obtained include, but are not limited to: criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information."

191.     HIRERIGHT violated the unfair prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting investigative consumer background checks and otherwise taking the necessary steps to adhere to the FCRA, CCRAA, ICRAA, California Labor and HIPPA. Further, any utility for HIRERIGHT'S conduct is outweighed by the gravity of the consequences to Plaintiff and putative class members because the conduct offends public policy.

192.     As a result of HIRERIGHT'S violations of Business and Professions Code section 17200, HIRERIGHT has unjustly enriched themselves at the expense of Plaintiff and the Class. The unjust enrichment continues to accrue as the unlawful, unfair, and fraudulent business acts and practices continue.

193.     To prevent their unjust enrichment, HIRERIGHTand their co-conspirators should be required pursuant to Business and Professions Code sections 17203 and 17204 to disgorge their illegal gains for the purpose of making full restitution to all injured class members identified hereinabove. HIRERIGHT should also be permanently enjoined from continuing their violations of Business and Professions Code section 17200.

194.     The acts and business practices, as alleged herein, constituted and constitute a common, continuous, and continuing course of conduct of unfair competition by means of unfair, unlawful,

and/or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200, *et seq.*, including, but in no way limited to, violations of Section 16600.

**TENTH CAUSE OF ACTION**
**BREACH OF CONTRACT OR, IN THE ALTERNATIVE, PROMISSORY ESTOPPEL**
**(*AGAINST DEFENDANT WORKDAY*)**

195.    Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

196.    Plaintiff and Defendant WORKDAY entered into an employment contract in June of 2021. Therefore, at all relevant times a valid contract existed.

197.    Plaintiff performed all of the conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the contract

198.    WORKDAY breached the contract by unilaterally terminating Plaintiff and unlawfully frustrating Plaintiff's rights to the benefits of the entire contract.

199.    On information and belief, WORKDAY terminated and/or rescinded Plaintiff and Class members' employment solely or in part because of his conviction history. WORKDAY had an unlawful policy and practice of not hiring workers who had a criminal conviction.

200.    On information and belief, Defendants failed to conduct an individualized assessment of whether Plaintiff and Class member's conviction history had a direct and adverse relationship with the specific duties of Plaintiff and Class member's job, failed to consider the nature and gravity of the offense or conduct, failed to consider the number of years that had passed since the conviction, failed to consider the nature of the job held, such that would consideration of these factors justified terminating Plaintiff and Class members, as required by Government Code § 12952(c)(1)(A).

201.    Plaintiff did nothing in the discharge of his duties under his employment contract with Defendant which could be construed as a breach of her duties under the contract for payments.

202.    Plaintiff was employed by the WORKDAY pursuant to an agreement the terms of which that took both written and oral form. Pursuant to this agreement, WORKDAY offered Plaintiff employment on terms that included but were not limited to permitting Plaintiff's to earn bonuses and vested stock options.  WORKDAY breached that agreement by terminating his employment. WORKDAY should reasonably have expected that this promise would induce Plaintiff to accept employment and reject other offers for employment.

## ELEVENTH CAUSE OF ACTION
### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)
### (*Against WORKDAY*)

203.    Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

204.    WORKDAY had an employment contract with Plaintiff.

205.    Plaintiff did all, or substantially all the significant things that the contract required him to do.

206.    All conditions required for Plaintiff's performance had occurred or were excused.

207.    WORKDAY breached the contract with Plaintiff.

208.    Plaintiff was harmed by Defendants' breach.

209.     WORKDAY's breach of the contract was a substantial factor in causing Plaintiff's harm.

210.    WORKDAY unfairly interfered with Plaintiff's right to receive the benefits of the contracts.

211.    WORKDAY breached the implied covenant of good faith and fair dealing by acting in bad faith to prevent Plaintiff from enjoying the benefits of the employment contract by unlawfully terminating him due to an illegal background check.   Plaintiff also alleges that WORKDAY would have terminated his employment regardless of the amount of convictions and length in time between the

Complaint for Damages

convictions and the hire date. Plaintiff alleges Defendant acted in bad faith in performing the background check and failed to do the requisite balancing test in good faith.

212. On information and belief, WORKDAY terminated and/or rescinded Plaintiff and Class members' employment in bad faith and solely or in part because of his conviction history. WORKDAY had an unlawful policy and practice of not hiring workers who had a criminal conviction.

213. WORKDAY breached the implied covenant of good faith and fair dealing by failing to conduct an individualized assessment of whether Plaintiff and Class member's conviction history had a direct and adverse relationship with the specific duties of Plaintiff and Class member's job, failed to consider the nature and gravity of the offense or conduct, failed to consider the number of years that had passed since the conviction, failed to consider the nature of the job held, such that would consideration of these factors justified terminating Plaintiff and Class members, as required by Government Code § 12952(c)(1)(A).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs and Class Members prays for judgment against Defendants, and each of them, as follows:

1. On behalf of the CALIFORNIA CLASS:
   a. An order temporarily, preliminarily and permanently enjoining and restraining Defendants from engaging in similar unlawful conduct as set forth herein.; and,
   b. Restitutionary disgorgement of Defendants' ill-gotten gains in to a fluid fund for restitution of the sums incidental to Defendants's violations due to Plaintiff and to the other members of the CALIFORNIA CLASS.

2. On behalf of the FCRA CLASS:
   a. That the Court certify the Causes of Action asserted by the FCRA CLASS as a Class Action

Complaint for Damages

b. A determination and judgment that Defendants willfully violated the 15 U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by improperly including extraneous information and impermissible request in its background check disclosure and authorization form and by obtaining consumer reports on Plaintiff and FCRA CLASS Members without having proper authorization to do so;

c. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and the members of the FCRA CLASS in an amount equal to $1,000 for Plaintiff and each FCRA CLASS Member for Defendants's willful violation of the FCRA:

d. Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and other FCRA CLASS Members;

e. An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

f. Such other and further relief as the Court deems just and equitable.

3. On behalf of the ICRAA CLASS and CCRAA CLASS:

a. That the Court certify all Causes of Action asserted by the ICRAA CLASS and CCRAA CLASS as a Class Action pursuant to Cal. Code. Of Civ. Proc. § 382;

b. Statutory penalties;

c. Civil penalties;

d. Punitive damages;

e. Injunctive relief;

f. Costs of suit;

g. Interest;

h. Restitution;

i. Reasonable attorneys' fees; and,

j. Such other relief as the Court deems just and proper.

4. On all claims;

Complaint for Damages

a.) Certifying this action to proceed as a class action and designating Plaintiff as the representative of the Class and his counsel as counsel for the Class related to any FEHA, UCL or California Labor Code Violations;

b.) For liquidated damages;

c.) Declaring that the concerted violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law, and violations of California's Labor Code;

d.) Permanently enjoining Defendants from continuing to engage in the unlawful concerted conduct described herein;

e.) Granting Plaintiff the costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees;

f.) Reinstatement of Plaintiff and Class members who were terminated

g.) An award of interest, including prejudgment interest at the legal rate and interest on penalties.

h.)  A public injunction.

i.)  Backpay, costs, future wages, and attorneys' fees for his individual claims;

j.)  Granting such other relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

To the full extent available, Plaintiffs demands a trial by jury.

Dated:   September 27, 2021                          Ladva Law Firm

By: _____
        Ashwin Ladva, Esq.
        Scott Nakama, Esq.

Complaint for Damages