1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   PAUL HASTINGS LLP
2  101 California Street, 48th Floor
   San Francisco, California 94111
3  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
4  jeffwohl@paulhastings.com

5  ANKUSH DHUPAR (Cal. State Bar No. 307689)
   PAUL HASTINGS LLP
6  515 South Flower Street, 25th Floor
   Los Angeles, California 90071
7  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
8  ankushdhupar@paulhastings.com

9  Attorneys for Defendant
   Workday, Inc.

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  BENJAMIN JUSTER, individually and on behalf     No. 4:21-cv-07555-EMC
    of others similarly situated,
15                                                   **NOTICE OF MOTION AND MOTION BY**
                    Plaintiff,                       **DEFENDANT WORKDAY, INC., TO**
16                                                   **DISMISS CAUSES OF ACTION**
        v.                                           **NOS. 2, 4-7, AND 9-11 OF PLAINTIFF'S**
17                                                   **SECOND AMENDED COMPLAINT;**
    WORKDAY, INC. and HIRERIGHT LLC,                **MEMORANDUM IN SUPPORT OF**
18                                                   **MOTION**
                    Defendants.
19                                                   Date:        April 7, 2022
                                                     Time:        1:30 p.m.
20                                                   Courtroom:   5, 450 Golden Gate Ave.,
                                                                  17th Floor, San Francisco
21                                                   Judge:       Hon. Edward M. Chen

22                                                   Complaint filed:     September 28, 2021
                                                     First Amended
23                                                     Complaint filed:   December 1, 2021
                                                     Second Amended
24                                                     Complaint filed:   January 17, 2022
                                                     Trial date:          None yet set
25

26

27

28

## NOTICE OF MOTION AND MOTION

To the Clerk of Court and plaintiff Benjamin Juster and defendant HireRight, LLC, and their respective counsel of record:

PLEASE TAKE NOTICE that on April 7, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94012, before the Honorable Edward M. Chen, defendant Workday, Inc. ("Workday"), will and does hereby move, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the following causes of action in plaintiff Benjamin Juster's Second Amended Complaint (ECF 23):

- Cause of Action No. 2 (violation of California Labor Code section 432.3 ("Section 432.3"));

- Cause of Action Nos. 4 and 5 (violation of the Fair Credit Reporting Act ("FCRA"));

- Cause of Action No. 6 (violation of California Investigative Consumer Reporting Agencies Act ("ICRAA"));

- Cause of Action No. 7 (unfair competition in violation of California Business and Professions Code section 17200 *et seq*. ("Section 17200"));

- Cause of Action Nos. 9 (breach of contract) and 10 (breach of the covenant of good faith and fair dealing); and

- Cause of Action No. 11 (civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq*.), to the extent the cause of action is based on the alleged violation of Section 432.3 (Cause of Action No. 2).

The motion is made on the grounds that these causes of action fail to state a claim upon which relief may be granted for the following reasons:

- Cause of Action No. 2 (violation of Section 432.3):  Because plaintiff does not allege that Workday actually asked for plaintiff's salary, either of plaintiff directly or through a background check, plaintiff fails to state a claim under Section 432.3.

- Causes of Action Nos. 4 and 5 (violation of the FCRA):  Because the FCRA background check disclosure and authorization form satisfied all FCRA requirements, plaintiff fails to

1    state a claim under the FCRA.

2    ▪    Cause of Action No. 6 (violation of the ICRAA):  Because the ICRAA background check

3    disclosure and authorization forms satisfied all ICRAA requirements, plaintiff fails to state

4    a claim under the ICRAA.

5    ▪    Cause of Action No. 7 (unfair competition in violation of Section 17200):  Plaintiff fails to

6    state a claim under Section 17200 because (i) plaintiff lacks standing to pursue a

7    Section 17200 claim; (ii) to the extent the claim is based on Causes of Action Nos. 2 and

8    4-6, the claim falls for the same reasons as those causes of action fall; and (iii) to the extent

9    the claim is based on Causes of Action 4 and 5, it is preempted by the FCRA.

10   ▪    Causes of Action Nos. 9 (breach of contract) and 10 (breach of the covenant of good faith

11   and fair dealing):  Plaintiff fails to state a claim for breach of contract and breach of the

12   covenant of good faith and fair dealing because plaintiff's employment was terminable at

13   will and subject to a clear background check.

14   ▪    Cause of Action No. 11 (civil penalties pursuant to PAGA):  To the extent plaintiff's PAGA

15   claim is based on the alleged violation of Section 432.3 (Cause of Action No. 2), the claim

16   falls for the same reason that cause of action falls.

17       The motion is based on this Notice of Motion and Motion and the following memorandum in

18   support of the motion; the accompanying Declaration of Andrew Abad in Support of Defendant Workday,

19   Inc.'s Motion to Dismiss Causes of Action Nos. 2, 4-7, 9-11 of Plaintiff's Second Amended Complaint;

20   Request for Judicial Notice in Support of Defendant Workday, Inc.'s Motion to Dismiss Causes of Action

21   Nos. 2, 4-7, 9-11 of Plaintiff's Second Amended Complaint; proposed form of Order Granting Defendant

22   Workday, Inc.'s Motion to Dismiss Causes of Action Nos. 2, 4-7, 9-11 of Plaintiff's Second Amended

23   Complaint; the record of this action; all matters of which the Court may take notice; and such other matters

24   as may be presented at the hearing on the motion.

25       On November 30, 2021 and February 10, 2022, counsel for Workday met and conferred with

26   counsel for plaintiff to see if agreement could be reached regarding the matters addressed by this motion.

27   Counsel were unable to reach agreement, necessitating the bringing of this motion.

28   ///

# TABLE OF CONTENTS

*Page*

Table of Authorities ........................................................................................................... iii

NOTICE OF MOTION AND MOTION ..................................................................................1

I.    INTRODUCTION/SUMMARY OF ARGUMENT.........................................................1

II.   PLAINTIFF'S ALLEGATIONS ...................................................................................2

      A.    Plaintiff Received and Accepted an Offer to Work at Workday, Conditioned on a
            Satisfactory Background Check.........................................................................2

      B.    Plaintiff Received a Pre-Employment Packet, Which Included Background Check
            Disclosure and Authorization Forms. ................................................................3

III.  THE COURT SHOULD DISMISS PLAINTIFF'S FCRA CLAIMS (CAUSES OF
      ACTION NOS. 4 AND 5) BECAUSE THE SHORT, SIMPLE, STAND-ALONE FCRA
      DISCLOSURE AND AUTHORIZATION FORM FULLY COMPLY WITH THE FCRA.........3

      A.    The Short, Simple, Stand-Alone FCRA Disclosure and Authorization Form Fully
            Comply With the FCRA. ..................................................................................3

      B.    Plaintiff's Claim That the Disclosure Violates the FCRA Because It Allegedly
            Violates Section 432.3 Is Without Merit. ..........................................................7

IV.   THE COURT SHOULD DISMISS PLAINTIFF'S ICRAA CLAIM BECAUSE THE
      ICRAA DISCLOSURE FORM AND ASSOCIATED AUTHORIZATION FORM
      FULLY COMPLY WITH THE ICRAA (CAUSE OF ACTION NO. 6).................................8

      A.    The ICRAA Disclosure Form Fully Complied with the ICRAA. .........................9

      B.    Workday Obtained Proper Authorization to Obtain Background Check Reports
            Under the ICRAA, and This Authorization Form Included a Checkbox Allowing
            Plaintiff to Request to Receive a Copy of the Report.......................................10

V.    PLAINTIFF'S SECTION 432.3 CLAIM (CAUSE OF ACTION NO. 2) IS SUBJECT TO
      DISMISSAL BECAUSE PLAINTIFF DOES NOT ALLEGE THAT WORKDAY
      ASKED FOR PLAINTIFF'S PRIOR SALARY. ..........................................................11

VI.   PLAINTIFF'S SECTION 17200 CLAIM (CAUSE OF ACTION NO. 7) SHOULD BE
      DISMISSED .............................................................................................................12

      A.    Plaintiff Lacks Standing to Pursue a Section 17200 Claim (Cause of Action
            No. 7). .............................................................................................................12

            1.    Plaintiff Has Not Alleged Cognizable Economic Injury. .......................12

            2.    Plaintiff Does Not Have Article III Standing to Seek Injunctive Relief...............13

      B.    Plaintiff's Section 17200 Claim Should Be Dismissed to the Extent That It Is
            Based on the Same Allegations as Those Supporting Causes of Action Nos. 2
            and 4-6. ...........................................................................................................14

      C.    Plaintiff's Section 17200 Claim Is Preempted by the FCRA to the Extent It Relies
            on the FCRA Claim. ........................................................................................14

VII.  PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND BREACH OF THE
      COVENANT OF GOOD FAITH AND FAIR DEALING (CAUSES OF ACTION
      NOS. 9 AND 10) FAIL BECAUSE PLAINTIFF'S EMPLOYMENT WAS
      TERMINABLE AT WILL AND SUBJECT TO A CLEAR BACKGROUND CHECK.............15

**TABLE OF AUTHORITIES**
*(cont'd)*

*Page*

VIII.    PLAINTIFF'S CLAIM FOR CIVIL PENALTIES PURSUANT TO PAGA (CAUSE OF
ACTION NO. 11) SHOULD BE DISMISSED TO THE EXTENT THAT IT IS BASED
ON PLAINTIFF'S ALLEGATION THAT WORKDAY VIOLATED SECTION 432.3
(CAUSE OF ACTION NO. 2) BECAUSE IT IS DERIVATIVE OF THAT CAUSE OF
ACTION .................................................................................................................16

IX.      CONCLUSION ........................................................................................................16

1

# TABLE OF AUTHORITIES

2

*Page*

3

**Cases**

4

*Bates v. UPS,*
    511 F.3d 974 (9th Cir. 2007) ..................................................................................................13

5

*Burghy v. Dayton Racquet Club, Inc.,*
    695 F. Supp. 2d 689 (S.D. Ohio 2010) ....................................................................................4

6

*Castagnola v. Hewlett-Packard Co.,*
    No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012)....................................13

7

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983)..................................................................................................................13

8

*Cortez v. Purolator Air Filtration Prods. Co.,*
    23 Cal.4th 163 (2000) ............................................................................................................13

9

*Dicesari v. Asset Acceptance LLC,*
    No. 11-cv-6815, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. Sept. 18, 2012) .......................15

10

*Dimon v. County of Los Angeles,*
    166 Cal. App. 4th 1276 (2008) ..............................................................................................16

11

*El-Aheidab v. Citibank (S.D.), N.A.,*
    No. C-11-5359 EMC, 2012 WL 506473 (N.D. Cal. Feb. 15, 2012) .....................................14

12

*Foley v. Interactive Data Corp.,*
    47 Cal. 3d 654 (1988) ............................................................................................................15

13

*Freeman v. ABC Legal Servs., Inc.,*
    877 F. Supp. 2d 919 (N.D. Cal. 2012) ..................................................................................13

14

*Hamilton v. DirecTV, Inc.,*
    642 F. Supp. 2d 1304 (M.D. Ala. 2009) ...............................................................................15

15

*Hangarter v. Provident Life & Acc. Ins. Co.,*
    373 F.3d 998 (9th Cir. 2004) .................................................................................................13

16

*In re Silicon Graphics Inc. Sec. Litig.,*
    183 F.3d 970 (9th Cir. 1999) ...................................................................................................2

17

*Khoja v. Orexigen Therapeutics, Inc.,*
    899 F.3d 988 (9th Cir. 2018) ...................................................................................................3

18

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) .........................................................................................................12

19

*Kwikset Corp. v. Superior Court,*
    51 Cal. 4th 310 (2011) .....................................................................................................12, 13

20

*Lee v. Luxottica Retail N. Am., Inc.,*
    65 Cal. App. 5th 793 (2021) ..................................................................................................13

21

*Marder v. Lopez,*
    450 F.3d 445 (9th Cir. 2006) ...................................................................................................2

22

*Millett v. Ford Motor Credit Co.,*
    No. 04-cv-2450-CM, 2006 U.S. Dist. LEXIS 31095 (D. Kan. May 9, 2006) ......................15

23

24

25

26

27

28

# TABLE OF AUTHORITIES
*(cont'd)*

*Page*

*Molina v. Synchrony Bank/Walmart*,
No. EDCV 17-1464 JGB (JEMx), 2018 WL 2721903 (C.D. Cal. Apr. 17, 2018) ............................14

*Nokchan v. Lyft, Inc.*,
No. 15-cv-03008-JCS, 2016 U.S. Dist. Lexis 138582 (N.D. Cal. Oct. 5, 2016) ...................................4

*Poulson v. Trans Union, LLC*,
370 F. Supp. 2d 592 (E.D. Tex. 2005) ...........................................................................................15

*Price v. Starbucks Corp.*,
192 Cal. App. 4th 1136 (2011) ......................................................................................................16

*Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*,
No. 11-cv-6648 SBA, 2012 U.S. Dist. LEXIS 108597 (N.D. Cal. Aug. 2, 2012) ..............................15

*Salsgiver v. Am. Online, Inc.*,
147 F. Supp. 2d 1022 (C.D. Cal. 2000), *aff'd*, 32 F. App'x 894 (9th Cir. 2002) ..........................16

*Serapion v. Martinez*,
119 F.3d 982 (1st Cir. 1997) .............................................................................................................8

*Shoots v. iQor Holdings US Inc.*,
No. 15-cv-563, 2016 U.S. Dist. Lexis 144559 (D. Minn. Oct. 18, 2016) ..........................................4

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ........................................................................................................................13

*Syed v. M-I, LLC*,
853 F.3d 492 (9th Cir. 2017) .............................................................................................................5

*United States v. Richey*,
342 F.3d 903 (9th Cir. 2003) .............................................................................................................3

*Walker v. Fred Meyer, Inc.*,
953 F.3d 1082 (9th Cir. 2020) .................................................................................................*passim*

*Walsh v. Nevada Dep't of Human Res.*,
471 F.3d 1033 (9th Cir. 2006) .........................................................................................................14

*Warth v. Seldin*,
422 U.S. 490 (1975) ........................................................................................................................13

*Washington v. CSC Credit Servs., Inc.*,
199 F.3d 263 (5th Cir. 2000) ...........................................................................................................14

**Statutes, Regulations, and Rules**

Cal. Bus. & Prof. Code
§ 17200...........................................................................................................................*passim*
§ 17204...........................................................................................................................12

# TABLE OF AUTHORITIES
*(cont'd)*

*Page*

Cal. Civ. Code
§ 1786 *et seq.* .................................................................................................8
§ 1786.16 .........................................................................................................9
§ 1786.22 ....................................................................................................9, 10

Cal. Lab. Code
§ 432 ..............................................................................................................12
§ 432.3 .....................................................................................................*passim*
§ 432.3(b) .................................................................................................8, 11
§ 1197.5 ...........................................................................................................8
§ 2698 *et seq.* (Cal. Labor Code Private Attorneys General Act of 2004 ("PAGA")) ...............1, 2, 16

Fed. R. Civ. P. 12(b)(6) ........................................................................................1

15 U.S.C. § 1681 (Fair Credit Reporting Act ("FCRA")) ........................................*passim*

15 U.S.C.
§ 1681b(b)(2)(A) ..........................................................................................4, 7
§ 1681b(b)(2)(A)(i) ............................................................................................5
§ 1681s(a) .......................................................................................................14

U.S. Const., art. III ............................................................................................13

**Secondary Authority**

Fed. Trade Comm., Advisory Op. (Coffey), 1998 WL 34323748 (Feb. 11, 1998) ....................4

1

**MEMORANDUM IN SUPPORT OF MOTION**

2

**I.     INTRODUCTION/SUMMARY OF ARGUMENT**

3       In June 2021, defendant Workday, Inc. ("Workday"), offered plaintiff Benjamin Juster

4 employment; the offer was contingent on a satisfactory background check.  Workday, via its background

5 check vendor HireRight, LLC ("HireRight"), obtained a background check report on plaintiff, which

6 revealed that plaintiff had been convicted of three felonies.  Workday assessed whether plaintiff's criminal

7 conviction history would have a direct and adverse relationship with the specific duties of the job that

8 plaintiff was offered.  Workday concluded that it would, and on that basis rescinded its offer.  This lawsuit

9 followed.

10      Relevant to this motion to dismiss, plaintiff contends that:  (1) the Fair Credit Reporting Act

11 ("FCRA") disclosure and authorization form that was provided to plaintiff was not FCRA-compliant

12 (Causes of Action Nos. 4 and 5); (2) the Investigative Consumer Reporting Agencies Act ("ICRAA")

13 disclosure form that plaintiff received was not ICRAA-compliant and Workday failed to obtain

14 authorization to procure background check reports as required by the ICRAA (Cause of Action No. 6);

15 (3) Workday unlawfully asked plaintiff to disclose plaintiff's prior salary in violation of California Labor

16 Code section 432.3 ("Section 432.3") (Cause of Action No. 2); (4) Workday breached a contract and the

17 covenant of good faith and fair dealing when it rescinded its offer of employment (Causes of Action Nos. 9

18 and 10); (5) Workday's conduct amounts to a violation of California's unfair competition law, Cal. Bus.

19 & Prof. Code § 17200 *et seq.* ("Section 17200") (Cause of Action No. 7); and (6) plaintiff is entitled to

20 recover civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004

21 ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, because Workday allegedly violated Section 432.3 (Cause of

22 Action No. 11).  However, none of these causes of action states a claim upon which relief may be granted,

23 and therefore all are subject to dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure:

24      ▪  <u>Causes of Action Nos. 4 and 5:</u>  The FCRA background check disclosure and authorization

25          form that plaintiff received manifestly satisfied all FCRA requirements.

26      ▪  <u>Cause of Action No. 6:</u>  The ICRAA background check disclosure form that was provided

27          to plaintiff also satisfied the ICRAA requirements, and Workday did, in fact, obtain proper

28          authorization to obtain background check reports as required by the ICRAA.

- ▪ <u>Cause of Action No. 2</u>:  Plaintiff does not allege that Workday asked plaintiff to disclose plaintiff's prior salary in violation of Section 432.3.

- ▪ <u>Cause of Action No. 7</u>:  Plaintiff fails to state a claim under Section 17200 because (i) plaintiff lacks standing to pursue a Section 17200 claim; (ii) to the extent the claim is based on Causes of Action Nos. 2 and 4-6, the claim falls for the same reasons as those causes of action; and (iii) to the extent the claim is based on Causes of Action 4 and 5, it is preempted by the FCRA.

- ▪ <u>Causes of Action Nos. 9 and 10</u>:  Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing fail as a matter of law because plaintiff's employment was terminable at will and subject to a clear background check.

- ▪ <u>Cause of Action No. 11 (civil penalties pursuant to PAGA)</u>:  To the extent that plaintiff's PAGA claim seeks penalties based on an alleged violation of Section 432.3 (Cause of Action No. 2), the claim fails for the same reason that Cause of Action No. 2 fails.

Workday therefore asks the Court to dismiss with prejudice Causes of Action Nos. 2, 4-7, 9, 10, and (in part) 11.[1]

## II.    PLAINTIFF'S ALLEGATIONS

### A.    Plaintiff Received and Accepted an Offer to Work at Workday, Conditioned on a Satisfactory Background Check.

On June 2, 2021, Workday offered plaintiff employment as a Lead Interactive Producer.  SAC, ¶ 226[2]; Declaration of Andrew Abad in Support of Defendant Workday, Inc.'s Motion to Dismiss Causes of Action Nos. 2, 4-7, 9-11 of Plaintiff's Second Amended Complaint ("Abad Decl."), ¶ 3, Exh. A (June 2, 2021, Offer Letter to plaintiff).[3]  Workday's offer letter expressly stated that the offer was "contingent

---

[1]    Plaintiff also sued HireRight, which is bringing its own motion to dismiss.

[2]    All citations to "SAC" are to plaintiff's Second Amended Complaint (ECF 23).

[3]    Plaintiff refers extensively to several documents in the SAC, and they form the basis of plaintiff's claims.  Therefore, as explained in Workday's concurrently filed Request for Judicial Notice, the Court can consider them under the incorporation-by-reference doctrine, which provides that a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (citation omitted), *superseded by statute on other grounds*; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (in ruling on motion to dismiss, "[a] court may consider evidence on which the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document

upon:  ... [plaintiff's] consent to, successful completion of, and passing of all applicable background

checks[.]"  *Id.*  The offer letter also expressly provides that any future employment would be at-will:

> Your employment with Workday is "at-will", meaning either you or Workday may terminate your employment at any time, for any reason or no reason, with or without notice. There is no promise by Workday that your employment will continue for a set period of time or that your employment will be terminated only under particular circumstances.

*Id.*  Plaintiff accepted Workday's conditional offer.  SAC, ¶ 226.

### B. Plaintiff Received a Pre-Employment Packet, Which Included Background Check Disclosure and Authorization Forms.

HireRight administers Workday's background-check screening program for job applicants.  SAC,

¶¶ 8, 168(b).  Through HireRight, plaintiff received a pre-employment packet (*id.*, ¶¶ 5, 45), which

included, *inter alia*:  (1) the FCRA disclosure and authorization form provided to plaintiff (titled

"Disclosure and Authorization Regarding Background Investigation for Employment Purposes"); (2) the

ICRAA disclosure form that plaintiff received (titled "California Disclosure"); and (3) an authorization

for background investigations for employment purposes (titled "Other Disclosures, Acknowledgments &

Authorizations Regarding Background Investigation for Employment Purposes").  SAC, ¶¶ 46, 136, 163;

Abad Decl., ¶¶ 6-7, Exhs. B, C, D.  (For the Court's convenience, these forms provided to plaintiff also

are appended to this memorandum.)  Plaintiff signed the FCRA disclosure and authorization form and the

authorization for background investigations for employment purposes (which acknowledged receipt of the

ICRAA disclosure) on June 7, 2021.  SAC, ¶ 1; Abad Decl., ¶¶ 6-7, Exhs. B, D.

### III. THE COURT SHOULD DISMISS PLAINTIFF'S FCRA CLAIMS (CAUSES OF ACTION NOS. 4 AND 5) BECAUSE THE SHORT, SIMPLE, STAND-ALONE FCRA DISCLOSURE AND AUTHORIZATION FORM FULLY COMPLY WITH THE FCRA

#### A. The Short, Simple, Stand-Alone FCRA Disclosure and Authorization Form Fully Comply With the FCRA.

The FCRA provides:

> [A] person may not procure a consumer report ... for employment purposes ... unless—(i) a *clear and conspicuous disclosure* has been made in writing ... in a document that *consists*

---

is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion"); *United States v. Richey*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").  Importantly, the Court need not convert this motion into a summary judgment motion in order to consider such documents. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

*solely of the disclosure*, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis supplied). The FCRA disclosure and authorization that plaintiff received fully satisfied these requirements.

The disclosure that plaintiff received (tracking the statutory language quoted above) stated that Workday "may request from a consumer reporting agency and for employment-related purposes, a 'consumer report(s)' (commonly known as 'background reports') containing background information about you in connection with your employment, or application for employment, or engagement for services (including independent contractor or volunteer assignments, as applicable)." Abad Decl., ¶ 6, Exh. B (FCRA Disclosure and Authorization). It also explained (again tracking the statutory language) that the report "may contain information concerning your character, general reputation, personal characteristics, mode of living, or credit standing." *Id*.

Plaintiff contends that the form contains other language as well, more than the bare minimum information required by the statute, and that the form thereby somehow became unlawful. SAC, ¶ 133. But the Federal Trade Commission ("FTC") has stated that it is lawful to include additional language explaining the nature of a consumer report. The FTC explained: "[S]ome additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from the mandated disclosure." Fed. Trade Comm., Advisory Op. (Coffey), 1998 WL 34323748, at *2 (Feb. 11, 1998).

The cases take the same position as does the FTC. In particular, the Ninth Circuit's recent decision in *Walker v. Fred Meyer, Inc*., 953 F.3d 1082 (9th Cir. 2020), is dispositive.[4] The court in *Walker* held that "beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,' some concise explanation of what that phrase means may be included as part of the 'disclosure' required by § 1681b(b)(2)(A)(i)." *Id*. at 1088-90. "For example, a company could briefly describe what

---

[4]     *See also Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699-700 (S.D. Ohio 2010) ("explanatory language" alongside the disclosure is permissible; that the document is less than a page tends to refute any contention that it was not a "conspicuous disclosure"); *Nokchan v. Lyft, Inc.*, No. 15-cv-03008-JCS, 2016 U.S. Dist. LEXIS 138582, at *10-11 (N.D. Cal. Oct. 5, 2016) (granting motion to dismiss even though the disclosure contained some extraneous information); *Shoots v. iQor Holdings US Inc.*, No. 15-cv-563 (SRN/SER), 2016 U.S. Dist. LEXIS 144559, at *14 (D. Minn. Oct. 18, 2016) (dismissing case despite contention that disclosure contained extra material).

1  a 'consumer report' entails, how it will be 'obtained,' and for which type of 'employment purposes' it

2  may be used." *Id*.  That additional information, the court explained, "would further the purpose of the

3  disclosure by helping the consumer understand the disclosure.  *See Syed [v. M-I, LLC]*, 853 F.3d [492,]

4  501 [(9th Cir. 2017)] (noting that Congress' purpose to protect consumers from improper invasions of

5  privacy would be frustrated in the absence of a clear disclosure because job applicants would not

6  understand what they were authorizing)." *Id*.

7       In *Walker*, the Ninth Circuit analyzed the following five-paragraph disclosure to determine

8  whether it impermissibly contained extraneous information:

9       We ([t]he Kroger family of companies) will obtain one or more consumer reports or
        investigative consumer reports (or both) about you for employment purposes.  These
10       purposes may include hiring, contract, assignment, promotion, reassignment, and
        termination.  The reports will include information about your character, general reputation,
11       personal characteristics, and mode of living.

12       We will obtain these reports through a consumer reporting agency.  The consumer
        reporting agency is General Information Services, Inc. GIS's address is P.O. Box 353,
13       Chapin, SC 29036.  GIS's telephone number is (866) 265-4917.  GIS's website is at
        www.geninfo.com.
14
        To prepare the reports, GIS may investigate your education, work history, professional
15       licenses and credentials, references, address history, social security number validity, right
        to work, criminal record, lawsuits, driving record and any other information with public or
16       private information sources.

17       You may inspect GIS's files about you (in person, by mail, or by phone) by providing
        identification to GIS.  If you do, GIS will provide you help to understand the files, including
18       communication with trained personnel and an explanation of any codes.  Another person
        may accompany you by providing identification.
19
        If GIS obtains any information by interview, you have the right to obtain a complete and
20       accurate disclosure of the scope and nature of the investigation performed.

21  953 F.3d at 1084-85 (alteration in original).

22       The Ninth Circuit held that the first three paragraphs of the disclosure fully complied with the

23  "FCRA's requirement that the disclosure consist solely of a 'disclosure ... that a consumer report will be

24  obtained for employment purposes.'"  *Walker*, 953 F.3d at 1090-91 (alteration in original).  As to the first

25  paragraph, the court held:  "As long as the information about investigative reports is limited to disclosing

26  that such reports may be obtained for employment purposes, and providing a very brief description of

27  what that means, the inclusion of such information in a [FCRA] disclosure does not run afoul of the

28  standalone requirement."  *Id*. at 1090.  As to the second and third paragraphs, the court stated:  "These

1    paragraphs elucidate what it means to 'obtain' a consumer report by providing helpful information about

2    who will provide such a report to Fred Meyer and what private and public information about the applicant

3    will be examined to create a 'consumer report.'  As a result, this language also does not violate the FCRA's

4    requirement that the disclosure consist solely of a 'disclosure ... that a consumer report will be obtained

5    for employment purposes.'"  *Id.* (alteration in original).[5]

6        Here, the entire three-paragraph disclosure that plaintiff received mirrors the first three paragraphs

7    of the *Walker* disclosure, which the Ninth Circuit upheld lawful:

| *Walker* Disclosure | Disclosure Plaintiff Received |
|---|---|
| We ([t]he Kroger family of companies) will obtain one or more consumer reports or investigative consumer reports (or both) about you for employment purposes.  These purposes may include hiring, contract, assignment, promotion, reassignment, and termination.  The reports will include information about your character, general reputation, personal characteristics, and mode of living. | Workday, Inc. (the "Company") may request from a consumer reporting agency and for employment-related purposes, a "consumer report(s)" (commonly known as "background reports") containing background information about you in connection with your employment, or application for employment, or engagement for services (including independent contractor or volunteer assignments, as applicable). |
| We will obtain these reports through a consumer reporting agency.  The consumer reporting agency is General Information Services, Inc.  GIS's address is P.O. Box 353, Chapin, SC 29036.  GIS's telephone number is (866) 265-4917.  GIS's website is at www.geninfo.com. | HireRight, LLC ("HireRight") will prepare or assemble the background reports for the Company.  HireRight is located and can be contacted at 3349 Michelson Drive, Suite 150, Irvine, CA 92612, (800) 400-2761, www.hireright.com. |
| To prepare the reports, GIS may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and any other information with public or private information sources.<br><br>*Walker*, 953 F.3d at 1084-85 (alteration in original). | The background report(s) may contain information concerning your character, general reputation, personal characteristics, mode of living, or credit standing.  The types of background information that may be obtained include, but are not limited to:  criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information.<br><br>Abad Decl., ¶ 6, Exh. B. |

25        The first paragraph of the disclosure that plaintiff received here, like the first paragraph of the

26    *Walker* disclosure, "provides the required disclosure that consumer reports may be obtained for

27    _____

28    [5]        The last two paragraphs of the disclosure form in *Walker* are not relevant here, because the
disclosure that plaintiff received did not use comparable language.

1   employment purposes, ... and then, in accordance with the standard ... set forth above, helpfully explains

2   what those 'employment purposes' may include[.]" *Walker*, 953 F.3d at 1089.

3       The second paragraph of the disclosure provided to plaintiff mirrors the second paragraph of the

4   *Walker* disclosure, "elucidate[ing] what it means to 'obtain' a consumer report by providing helpful

5   information about who will provide such a report to [the employer.]" *Id.*

6       Like the first and second paragraphs of the *Walker* disclosure, the third paragraph of the disclosure

7   that plaintiff received first explains "what type of information may be included in the 'consumer report[]'"

8   and then "elucidate[s] what it means to 'obtain' a consumer report by providing helpful information about

9   ... what private and public information about the applicant will be examined to create a 'consumer report.'"

10  *Id.* at 1089-90.

11      Other than the three quoted paragraphs, the one-page disclosure that plaintiff received contains the

12  authorization whereby the applicant authorizes (via plaintiff's signature) the procurement of the report in

13  writing:  "I hereby authorize Company to obtain the consumer reports described above about me."  Abad

14  Decl., ¶ 6, Exh. B.  Indeed, the FCRA explicitly provides that the authorization may be made on the same

15  document as the disclosure.  15 U.S.C. § 1681b(b)(2)(A) ("[A] person may not procure a consumer report

16  ... for employment purposes ... unless—(i) a clear and conspicuous disclosure has been made in writing ...

17  in a document that consists solely of the disclosure, that a consumer report may be obtained for

18  employment purposes; and (ii) the consumer has authorized in writing (*which authorization may be made*

19  *on the document referred to in clause (i)*) the procurement of the report by that person.") (emphasis added).

20      Therefore, the FCRA disclosure and authorization form that plaintiff received was fully compliant.

21  **B.    Plaintiff's Claim That the Disclosure Violates the FCRA Because It Allegedly**
        **Violates Section 432.3 Is Without Merit.**

22

23      Plaintiff alleges that the disclosure contains extraneous information because it explains that the

24  background check reports may contain earnings history,[6] the mere reference to which plaintiff contends

25  _____

    6    The at-issue disclosure provides:

26       The background report(s) may contain information concerning your character, general
         reputation, personal characteristics, mode of living, or credit standing.  The types of
27       background information that may be obtained include, but are not limited to:  criminal
         history; litigation history; motor vehicle record and accident history; social security number
28       verification; address and alias history; credit history; verification of your education,

violates Section 432.3's prohibition against seeking or requesting salary history information. *See* SAC, ¶¶ 138-40. This argument is without merit.

**First**, the disclosure form does not violate Section 432.3 because it does not seek or request salary history information. California Labor Code section 432.3(b) provides that "[a]n employer shall not, orally or in writing, personally or through an agent, *seek* salary history information, including compensation and benefits, about an applicant for employment." (Emphasis supplied.) Merely informing job applicants that their background check reports may contain earnings history is not the same as actually requesting it.[7]

**Second**, assuming, *arguendo*, that the disclosure form violates Section 432.3, that does not in turn cause the form to violate the FCRA. That is because the FCRA—a federal statute applicable in all 50 states—does not require employers to take into account state, county, or city-specific peculiarities in their nationwide disclosure forms. If plaintiff's theory were correct, the FCRA would mean different things in different states. However, Congress did not intend that the same disclosure form would lead to FCRA liability in some states but not in others. *Cf. Serapion v. Martinez*, 119 F.3d 982, 988-89 (1st Cir. 1997) (it cannot be the law that "an important federal statute mean[s] different things in different states. This sort of checkerboarding would undermine Congress' easily discerned intent...").[8]

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S ICRAA CLAIM BECAUSE THE ICRAA DISCLOSURE FORM AND ASSOCIATED AUTHORIZATION FORM FULLY COMPLY WITH THE ICRAA (CAUSE OF ACTION NO. 6)

The ICRAA, Cal. Civ. Code § 1786 *et seq*., provides that, before procuring or causing an investigative consumer report to be made, an employer must "provide[] a clear and conspicuous disclosure in writing to the consumer ... in a document that consists solely of the disclosure, that:

---

employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information. Abad Decl., ¶ 6, Exh. B.

[7] Indeed, as HireRight explains in its motion to dismiss, HireRight expressly instructs applicants to redact salary and earnings information from any document submitted as proof of employment in its standard documentation request.

[8] Plaintiff's SAC also makes reference to California Labor Code section 1197.5 ("Section 1197.5"), summarily alleging that a disclosure that background check reports may contain earnings history violates Section 1197.5. *See* SAC, ¶¶ 13, 18, 33, 39, 59, 101. The reference is inexplicable. The SAC does not contain an independent cause of action based on Section 1197.5, and the statute—which is California's Equal Pay Act—does not in any way address whether an employer can request a job applicant's earnings history. Plaintiff's reference to Section 1197.5 is inapplicable and irrelevant here.

(i)      An investigative consumer report may be obtained.

(ii)     The permissible purpose of the report is identified.

(iii)    The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv)    Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v)     Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi)    Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20."

*See* Cal. Civ. Code § 1786.16(a)(2)(B).  The ICRAA also requires the employer to provide a means for the consumer to indicate that he or she wants a copy of any report that is prepared or obtained.  *Id.* § 1786.16(b)(1).  "The notice to request the report may be contained on either the disclosure form[] ... or a separate consent form."  *Id.*

      Plaintiff alleges that Workday violated the ICRAA "by failing to provide Plaintiff ... with a lawful clear and conspicuous disclosure in writing that consisted solely of the disclosure[]" (SAC, ¶ 178); by failing "to obtain lawful written clear and conspicuous authorization from Plaintiff ... prior to obtaining a consumer background report for employment purposes[]" (*id.*, ¶ 180); and "by failing to provide a checkbox ... to receive a copy of the investigative consumer report[]" (*id.*, ¶ 181).  But, as shown below, the ICRAA disclosure form satisfied the ICRAA's requirements, Workday did in fact obtain proper authorization from plaintiff to obtain background check reports as required by the ICRAA, and the authorization included a checkbox for plaintiff (the consumer) to indicate whether they want a copy of any report that is prepared or obtained.

## A.    The ICRAA Disclosure Form Fully Complied with the ICRAA.

      Tracking the statutory language quoted above, the ICRAA disclosure form that plaintiff received provided that Workday "may order one or more investigative consumer reports [(requirement (i) above)] that contains information about your character, general reputation, personal characteristics, and mode of

living [(requirement (iii) above)] in connection with your employment, or application for employment, or engagement for services (including independent contractor or volunteer assignments, as applicable) [(requirement (ii) above)]." Abad Decl., ¶ 6, Exh. C (ICRAA Disclosure).  The disclosure explained:  "To the extent that Company hires you, or you already work for the Company, the Company may also order additional investigative consumer reports about you for the type of information described above and/or use services that monitor for changes and can result in additional investigative consumer reports about you that include the types of information described above[ (requirement (i)) above]."  *Id.*

It went on to state:  "The investigative consumer reporting agency, HireRight, LLC ("HireRight"), will prepare the background report for the Company.  HireRight can be contacted at 3349 Michelson Drive, Suite 150, Irvine, CA 92612, (800) 400-2761, www.hireright.com [(requirement (iv) above)].  Information about HireRight's privacy practices is available at www.hireright.com/Privacy-Policy.aspx [(requirement (vi) above)]."  Abad Decl., ¶ 6, Exh. C.  The disclosure also recited Civil Code section 1786.22 *verbatim* (requirement (v) above).  *Id.*

The only additional substantive language the disclosure included is a list of "specific types of information about [the applicant] that may be obtained in accordance with [the ICRAA disclosure.]"  Abad Decl., ¶ 6, Exh. C.  As explained in *Walker*, this information does not violate any "requirement that the disclosure consist solely of a 'disclosure ... that a consumer report will be obtained for employment purposes[]'" because it "elucidate[s] what it means to 'obtain' a consumer report" and "provid[es] helpful information about ... what private and public information about the applicant will be examined to create a 'consumer report.'"  *Walker*, 953 F.3d at 1089-90 (first alteration in original).

Therefore, the ICRAA disclosure that plaintiff received complied with the ICRAA's requirements.

**B.      Workday Obtained Proper Authorization to Obtain Background Check Reports Under the ICRAA, and This Authorization Form Included a Checkbox Allowing Plaintiff to Request to Receive a Copy of the Report.**

Plaintiff received and signed the authorization for background investigations for employment purposes.  SAC, ¶¶ 1, 46, 136, 163; Abad Decl., ¶ 6, Exh. D (Authorization Form).  As shown on the following page, the authorization did exactly what the ICRAA requires:  it allowed the consumer to "authorize[] in writing the procurement of the report."

///

**Acknowledgments & Authorization**

I acknowledge that I have received and carefully read and understand the separate "Disclosure and Authorization Regarding Background Investigation for Employment Purposes"; and the separate "Summary of Rights under the Fair Credit Reporting Act" that have been provided to me by the Company. I also acknowledge receipt of and that I have carefully read and understand (as applicable), the separate California Disclosure and Summary of Rights under California Civil Code Section 1786.22; the separate New York Article 23-A; and the separate San Francisco Fair Chance Ordinance Official Notice that have been provided to me.

By my signature below, I authorize the preparation of background reports about me, including background reports that are "investigative consumer reports" by HireRight, and to the furnishing of such background reports to the Company and its designated representatives and agents, for the purpose of assisting the Company in making a determination as to my eligibility for employment or engagement for services (including independent contractor or volunteer assignments, as applicable), promotion, retention or for other lawful employment purposes. I understand that if the Company hires me or contracts for my services, my consent will apply, and the Company may, as allowed by law, obtain from HireRight (or from a consumer reporting agency other than HireRight) additional background reports pertaining to me, without asking for my authorization again, throughout my employment or contract period.

Indeed, it also includes a checkbox allowing plaintiff to request to receive a copy of the report:

☑ Please check this box if you would like to receive a free copy of your background report.

| Candidate Last Name | Juster | First | Benjamin | Middle | |

Candidate Signature                                                         Date    Jun 07, 2021

Abad Decl., ¶ 6, Exh. D (Authorization Form).

The ICRAA disclosure, on its face, complied with the ICRAA, as did its authorization form. Plaintiff's ICRAA claim (Cause of Action No. 6) should be dismissed.[9]

## V.    PLAINTIFF'S SECTION 432.3 CLAIM (CAUSE OF ACTION NO. 2) IS SUBJECT TO DISMISSAL BECAUSE PLAINTIFF DOES NOT ALLEGE THAT WORKDAY ASKED FOR PLAINTIFF'S PRIOR SALARY.

California Labor Code section 432.3(b) provides that "[a]n employer shall not, orally or in writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment." Here, plaintiff does not allege that Workday requested that plaintiff disclose plaintiff's prior salary. Instead, plaintiff alleges only that the FCRA disclosure and authorization form that plaintiff received would have permitted that inquiry because the form provides that "[t]he types of background information that may be obtained include, but are not limited to: ... employment and

---

[9]    Plaintiff's SAC also makes reference to an alleged violation the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785.20.5(a) ("CCRAA"). SAC, ¶¶ 43, 44. However, in response to the parties meet and confer efforts, plaintiff removed the cause of action based on the CCRAA. On February 10, 2022, counsel for plaintiff confirmed that plaintiff is not asserting a CCRAA claim against Workday.

1    earnings history[.]"  SAC, ¶¶ 46, 114.  Merely obtaining authorization to seek such information—

2    particularly in the context of a form used nationwide—is not the same as actually seeking it.

3         Because plaintiff fails to allege an essential element, the Section 432.3 claim should be dismissed.

4    **VI.    PLAINTIFF'S SECTION 17200 CLAIM (CAUSE OF ACTION NO. 7) SHOULD BE
         DISMISSED**

5

6         Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair,

7    deceptive, untrue or misleading advertising ...."  Cal. Bus. & Prof. Code § 17200.  While the scope of

8    conduct covered by Section 17200 potentially is broad, its remedies are limited to equitable relief;

9    "damages cannot be recovered."  *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1144

10   (2003).  Moreover, a plaintiff must satisfy Section 17200's restrictive standing requirements, which

11   require a party to "(1) establish a loss or deprivation of money or property, … i.e., *economic injury*, and

12   (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice … that is

13   the gravamen of the claim."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in

14   original).

15        Applying these principles to this case, plaintiff's Section 17200 claim fails for three reasons:

16   (1) plaintiff lacks standing to pursue a Section 17200 claim; (2) to the extent that it is derivative of Causes

17   of Action 2 and 4-6, it falls for the same reasons as those causes of action; and (3) to the extent that it is

18   based on plaintiff's FCRA causes of action, it is preempted by the FCRA.

19        **A.    Plaintiff Lacks Standing to Pursue a Section 17200 Claim (Cause of Action No. 7).**

20             **1.    Plaintiff Has Not Alleged Cognizable Economic Injury.**

21        A Section 17200 claim is limited to persons "who [have] suffered injury in fact and [have] lost

22   money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  As the

23   California Supreme Court has held:

24        To satisfy the narrower standing requirements imposed by Proposition 64 [which amended
         Section 17200], a party must now (1) establish a loss or deprivation of money or property
25        sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic
         injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that
26        is the gravamen of the claim.

27   *Kwikset*, 51 Cal. 4th at 322 (emphasis in original).

28        Here, plaintiff fails to allege that Workday caused plaintiff to sustain a deprivation of money or

property.  At most, plaintiff alleges that Workday's actions resulted in an invasion of plaintiff's privacy.

SAC, ¶¶ 169, 193.  But a conclusory allegation that Workday invaded plaintiff's privacy does not equate

to economic injury.  *See Kwikset*, 51 Cal. 4th at 323.  Moreover, Section 17200 provides only equitable

remedies, and the only monetary equitable remedy under Section 17200 is restitution, *i.e.*, returning to the

plaintiff the property wrongfully taken from him or retained, not damages to compensate for a loss.  *Cortez

v. Purolator Air Filtration Prods. Co*., 23 Cal.4th 163, 173 (2000); *Lee v. Luxottica Retail N. Am., Inc.*,

65 Cal. App. 5th 793, 807 (2021).

### 2.    Plaintiff Does Not Have Article III Standing to Seek Injunctive Relief.

"[I]n federal court, a plaintiff must still demonstrate Article III standing to seek injunctive relief,

even if she would otherwise have standing in state court."  *Freeman v. ABC Legal Servs., Inc.*, 877 F.

Supp. 2d 919, 924 (N.D. Cal. 2012).  "[A] plaintiff whose cause of action [under Section 17200] is

perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause

of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing."

*Id*. (*quoting Hangarter v. Provident Life & Acc. Ins. Co*., 373 F.3d 998, 1022 (9th Cir. 2004)).

To have standing under Article III, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that

is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "The plaintiff, as the party

invoking federal jurisdiction, bears the burden of establishing these elements."  *Id*.  "Where, as here, a

case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element."  *Id*.

(*quoting Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

A plaintiff who alleges past wrongs and seeks prospective injunctive relief also must "establish a

real and immediate threat" that he or she will suffer the same injury in the future.  *See City of Los Angeles

v. Lyons*, 461 U.S. 95, 101-06 (1983) ("[P]ast wrongs do not in themselves amount to that real and

immediate threat of injury necessary to make out a case or controversy.").  Put differently, the plaintiff

must show "a sufficient likelihood that he will again be wronged in a similar way."  *Bates v. UPS*, 511

F.3d 974, 985 (9th Cir. 2007) (*quoting Lyons*, 461 U.S. at 111).  In a class action, a plaintiff "cannot rely

on the prospect of future injury to unnamed class members if they cannot establish they have standing to

seek injunctive relief."  *Castagnola v. Hewlett-Packard Co*., No. C 11-05772 JSW, 2012 WL 2159385, at

1    *5 (N.D. Cal. June 13, 2012).

2          As a former Workday applicant who alleges past wrongs, plaintiff does not have standing to seek

3    prospective injunctive relief because plaintiff has failed to show a sufficient likelihood that plaintiff will

4    personally be harmed by Workday's practices again in the future.  *See Walsh v. Nevada Dep't of Human*

5    *Res*., 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that former employee who did not indicate an interest

6    in returning to work for the defendant lacked standing to seek injunctive relief because "she would not

7    stand to benefit from an injunction requiring the anti-discriminatory policies she requests at her former

8    place of work").  Through the Section 17200 claim, plaintiff seeks an order "permanently enjoin[ing]

9    [Workday] from continuing their violations of Business and Professions Code section 17200."  SAC,

10   ¶ 207.  But plaintiff would not benefit from such injunctive relief because plaintiff never worked for

11   Workday and has not indicated any intent to apply to work there in the future.  Plaintiff therefore lacks

12   standing to seek injunctive relief.

13          **B.**     **Plaintiff's Section 17200 Claim Should Be Dismissed to the Extent That It Is Based**
              **on the Same Allegations as Those Supporting Causes of Action Nos. 2 and 4-6.**
14

15          Plaintiff's Section 17200 claim is derivative of the other causes of action.  *See* SAC, ¶¶ 201-05.

16   To the extent that plaintiff's Section 17200 claim is based on the same allegations as Causes of Action

17   Nos. 2 and 4-6, it falls along with those causes of action.

18          **C.**     **Plaintiff's Section 17200 Claim Is Preempted by the FCRA to the Extent It Relies on**
              **the FCRA Claim.**
19

20          Finally, to the extent that plaintiff's Section 17200 claim is based on plaintiff's FCRA claim, it is

21   preempted by the FCRA.

22          The FCRA limits a plaintiff's private cause of action to actual or statutory damages.  Under the

23   FCRA, private plaintiffs may seek only money damages and not equitable relief such as an injunction,

24   which is specifically reserved to the FTC.  15 U.S.C. § 1681s(a); *Washington v. CSC Credit Servs., Inc*.,

25   199 F.3d 263, 268 (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the

26   FTC.").  Thus, plaintiff cannot use Section 17200 as a remedy for alleged FCRA violations because the

27   FCRA preempts any state law that is inconsistent with its remedial scheme.  *See El-Aheidab v. Citibank*

28   *(S.D.), N.A.*, No. C-11-5359 EMC, 2012 WL 506473, at *5 (N.D. Cal. Feb. 15, 2012) (holding that

Section 17200 claim is preempted when predicated on violations of the FCRA); *Molina v. Synchrony Bank/Walmart*, No. EDCV 17-1464 JGB (JEMx), 2018 WL 2721903, at *4 (C.D. Cal. Apr. 17, 2018) (agreeing that the FCRA preempts California's Section 17200 as applied to furnishers of credit information); *see also Dicesari v. Asset Acceptance LLC*, No. 11-cv-6815, 2012 U.S. Dist. LEXIS 133168, at *16-17 (E.D. Pa. Sept. 18, 2012) (granting motion to dismiss "to the extent that Plaintiff seeks this injunction not under the FCRA, but under state law"); *Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005) (same); *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1306 (M.D. Ala. 2009) (same); *Millett v. Ford Motor Credit Co.*, No. 04-cv-2450-CM, 2006 U.S. Dist. LEXIS 31095, at *12 (D. Kan. May 9, 2006) (same).  This holds true for Section 17200 actions seeking injunctive relief under the FCRA.  *See Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*, No. 11-cv-6648 SBA, 2012 U.S. Dist. LEXIS 108597, at *8 (N.D. Cal. Aug. 2, 2012) (dismissing Section 17200 claim seeking injunctive relief under FCRA violations because such relief is preempted).

    For these reasons, the Court should dismiss plaintiff's Section 17200 claim.  At minimum, the Court should limit the Section 17200 claim to exclude Causes of Action Nos. 2 and 4-6 as bases for the claim.

## VII.    PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (CAUSES OF ACTION NOS. 9 AND 10) FAIL BECAUSE PLAINTIFF'S EMPLOYMENT WAS TERMINABLE AT WILL AND SUBJECT TO A CLEAR BACKGROUND CHECK

    Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing are based on allegations that plaintiff and Workday "entered into an employment contract in June of 2021[]" (SAC, ¶ 220) and that Workday "breached that agreement by terminating his employment[]" (*id.*, ¶ 226).  Plaintiff's claim is thus premised on the allegation that plaintiff was a Workday employee.  *Id.*, ¶¶ 220, 222, 226.  But plaintiff's employment was terminable at will:

> Your employment with Workday is "at-will", meaning either you or Workday may terminate your employment at any time, for any reason or no reason, with or without notice. There is no promise by Workday that your employment will continue for a set period of time or that your employment will be terminated only under particular circumstances.

Abad Decl., ¶ 3, Exh. A.  This express at-will provision negates plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing.  *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654,

1    677 (1988).

2         In addition, even apart from plaintiff's at-will status, there cannot be any contract or covenant of

3    good faith and fair dealing breached by the rescission of plaintiff's job offer because that offer expressly

4    said it was conditioned on a background check.[10]

5         Therefore, Plaintiff's breach of contract and related claims fail as a matter of law and should be

6    dismissed.

7    **VIII.   PLAINTIFF'S CLAIM FOR CIVIL PENALTIES PURSUANT TO PAGA (CAUSE OF
8            ACTION NO. 11) SHOULD BE DISMISSED TO THE EXTENT THAT IT IS BASED ON
             PLAINTIFF'S ALLEGATION THAT WORKDAY VIOLATED SECTION 432.3 (CAUSE
9            OF ACTION NO. 2) BECAUSE IT IS DERIVATIVE OF THAT CAUSE OF ACTION**

10        Plaintiff's claim for civil penalties pursuant to PAGA (Cause of Action No. 11) is based, in part,

11   on plaintiff's allegation that Workday violated Section 432.3 (Cause of Action No. 2).  SAC, ¶ 242, 257-

12   58.  Because, as described above (*supra* section V), plaintiff's Section 432.3 claim is subject to dismissal,

13   plaintiff's PAGA claim is also subject to dismissal to the extent it relies on Section 432.3.  *Price v.*

14   *Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) (dismissing PAGA claim "[b]ecause the underlying

15   causes of action fail, [] PAGA claims also fail"); *Dimon v. County of Los Angeles*, 166 Cal. App. 4th 1276,

16   1280, n.5 (2008).

17   **IX.    CONCLUSION**

18        For the foregoing reasons, Workday respectfully requests that the Court dismiss Causes of Action

19   Nos. 2, 4-7, and 9-11.

20        Dated:  February 16, 2022.          JEFFREY D. WOHL
                                              ANKUSH DHUPAR
21                                            PAUL HASTINGS LLP

22
                                    By: _____*/s/ Jeffrey D. Wohl*_____
23                                              Jeffrey D. Wohl
                                            Attorneys for Defendant
24                                              Workday, Inc.

---

25   [10]       Although not pled as a separate cause of action, plaintiff's promissory estoppel theory in the
26   breach-of-contract claim fares no better.  Plaintiff makes no allegations of a promise that reasonably could
     be relied upon, especially in light of those at-will and background-check provisions.  *Salsgiver v. Am.*
27   *Online, Inc.*, 147 F. Supp. 2d 1022, 1029 (C.D. Cal. 2000) ("If there is no promise, there is no promissory
     estoppel."), *aff'd*, 32 F. App'x 894 (9th Cir. 2002).  And plaintiff does not allege that plaintiff quit any
28   existing employment to accept employment with Workday, and therefore cannot show actionable
     reasonable reliance.