TROUTMAN PEPPER HAMILTON SANDERS LLP
Jessica Lohr, Bar No. 302348
jessica.lohr@troutman.com
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092
Telephone: 858.509.6000
Facsimile: 858.509.6040

Attorneys for Defendant
HireRight, LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN JUSTER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WORKDAY, INC. and HIRERIGHT, LLC,

Defendant.

Case No. 4:21-cv-07555-EMC

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Judge: Hon. Edward M. Chen
Courtroom: 5
Hearing Date: April 7, 2022
Hearing Time: 1:30 p.m.

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 7, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94012, before the Honorable Edward M. Chen, Defendant HireRight, LLC ("HireRight") will and hereby does move this Court to dismiss the Second Amended Complaint (ECF No. 23, "SAC") in full as to Defendant HireRight, and with prejudice, pursuant to Rules 12(b)(6) and 8 of the Federal Rules of Civil Procedure.

HireRight seeks an order dismissing the SAC with prejudice because Plaintiff's SAC fails to state a claim against HireRight under Rule 12(b)(6), violates Rule 8's pleading standards, and cannot be amended to correct the defects detailed herein. This Motion is based on this Notice of

Motion and Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Roberta Fouts, the pleadings and papers on file herein, any oral argument, and such other matters as may be presented to the Court at the time of the hearing.

On November 30, 2021, counsel for HireRight and Workday met and conferred with counsel for Plaintiff regarding the issues in the First Amended Complaint (ECF No. 19). Plaintiff then filed the SAC. Counsel for all parties met and conferred again on February 10, 2022 regarding the issues in the SAC. Counsel could not resolve the issues, necessitating the filing of this Motion to Dismiss.

Dated: February 16, 2022

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Jessica Lohr*
Jessica Lohr
Attorneys for Defendant
HireRight, LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

## TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

STATEMENT OF THE ISSUES TO BE DECIDED .......... 1

ALLEGATIONS AND PROCEDURAL HISTORY .......... 2

I. Plaintiff's Allegations .......... 2

II. The Incorporated Documents .......... 3

III. Procedural History .......... 4

ARGUMENT .......... 5

I. Legal Standards .......... 5

II. Plaintiff fails to state a claim against HireRight because the FCRA provisions at issue create duties for the party seeking the consumer report (Workday), not the CRA (HireRight) (Counts 4, 5, and 6) .......... 6

A. Plaintiff's FCRA Claims (Counts 4 and 5) apply to the party requesting a consumer report, not a background screener like HireRight .......... 6

B. Plaintiff's CCRAA allegations (paragraphs 43–44) and ICRAA claim (Count 6) apply to the party requesting a consumer report, not the party providing the report like HireRight .......... 10

III. Plaintiff's derivative claim under the California UCL is preempted by the FCRA and fails with Plaintiff's other failed claims (Count 8) .......... 11

IV. Plaintiff's shotgun complaint cites no wrongful act by HireRight and violates Rule 8 .......... 13

V. The defects identified in Workday's concurrent motion to dismiss also merit dismissal of Plaintiff's SAC .......... 17

VI. The Court should dismiss Plaintiff's claims against HireRight with prejudice .......... 17

CONCLUSION .......... 19

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990).....17, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....5, 6, 13

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990).....5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).....5, 13

*Berry v. UCSF*,
No. C-09-0499-EMC, 2009 WL 5092027 (N.D. Cal. Dec. 17, 2009).....18

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 449 (9th Cir. 2002).....3

*Connor v. First Student, Inc.*,
423 P.3d 953, 236 Cal. Rptr. 3d 826 (2018).....11

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011).....6, 15

*Forces Action Project LLC v. California*,
61 F. App'x 472 (9th Cir. 2003).....18

*Gillespie v. Cnty. of Alameda*,
No. 20-CV-03735-DMR, 2020 WL 5106858 (N.D. Cal. Aug. 31, 2020).....13, 15, 16

*Gomon v. TRW, Inc.*,
28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994).....10

*Grassa v. Jack Gaughen, LLC*,
No. 1:09-0770, 2011 WL 1257384 (M.D. Pa. Mar. 11, 2011).....7

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990).....17

*Kemp v. Accurate Background, Inc.*,
No. 30-2021-01188280-CU-OE-CXC, ROA No. 140 (Orange Cty. Cal. Super. Ct. Dec. 17, 2021) (unpublished).....12

*Lazy Y Ranch Ltd. v Behrens*, 546 F.3d 580 (9th Cir. 2008)....................3, 9, 10

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946 (9th Cir. 2019)....................2

*Marchioli v. Pre-Employ.com, Inc.*, No. EDCV-16-2305-JGB(DTBx), 2017 WL 2130294 (C.D. Cal. Jan. 25, 2017)........7, 8, 9, 11

*McCracken v. Wells Fargo Bank, N.A.*, No. 17-CV-01562-LB, 2017 WL 1428716 (N.D. Cal. Apr. 20, 2017)....................16

*Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057 (9th Cir. 2002)....................6, 7

*Rashdan v. Geissberger*, No. C-10-00634-SBA, 2011 WL 197957 (N.D. Cal. Jan. 14, 2011)....................6, 16

*Roe v. LexisNexis Risk Sols., Inc.*, No. CV 12-6284 GAF (Ex), 2013 WL 11246904 (C.D. Cal. Mar. 19, 2013)....................13

*Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766....................13, 14, 16

*In re Tobacco II Cases*, 46 Cal. 4th 298, 207 P.3d 20, 93 Cal. Rptr. 3d 559 (2009)....................12

*Walker v. Fred Meyer, Inc.*, 953 F.3d 1082 (9th Cir. 2020)....................6, 17

*Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263 (5th Cir. 2000)....................13

**Statutes**

15 U.S.C. § 1681a....................7

15 U.S.C. § 1681b.................... *passim*

15 U.S.C. § 1681e....................9, 10

15 U.S.C. § 1681h....................13

15 U.S.C. § 1681n....................13

15 U.S.C. § 1681o....................13

15 U.S.C. § 1681s....................13

15 U.S.C. § 1681t(a) and (b)....................13

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

Cal. Bus. & Prof. Code § 17200 ........ *passim*

Cal. Civ. Code § 1785.3 ........ 10

Cal. Civ. Code § 1785.20.5 ........ 10, 11

Cal. Civ. Code § 1786.16 ........ 2, 5, 11

Cal. Lab. Code § 432.3 ........ *passim*

Cal. Lab. Code § 1197.5 ........ *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ........ *passim*

Fed. R. Civ. P. 11 ........ 1

Fed. R. Civ. P. 12 ........ *passim*

Fed. R. Civ. P. 15 ........ 17

U.S. Const., Art. III ........ 17

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HIRERIGHT, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Benjamin Juster's scattershot Second Amended Complaint ("SAC") fails to allege HireRight, LLC ("HireRight") committed a single wrongful act. Critically, his claims asserted under federal and state consumer reporting and employment laws are valid only against an ***employer*** who seeks to obtain a consumer report. Plaintiff fails to allege – and, under the ethical requirements of Federal Rule of Civil Procedure 11, cannot allege – HireRight is an employer who sought a consumer report about him. Thus, Plaintiff asserts no cognizable claim against HireRight.

Plaintiff knew about these fatal defects before he filed his First Amended Complaint ("FAC") *and* his SAC,[1] yet he did not try to cure them. Rather, Plaintiff's SAC adds allegations regarding salary information supposedly sought by Defendant Workday, Inc. ("Workday") and HireRight. *See* SAC ¶¶ 62, 65, 142. But those allegations are demonstrably inaccurate. The very documents Plaintiff references in the SAC show HireRight asked Plaintiff *not* to submit salary information. *See* Declaration of Roberta Fouts ("Fouts Decl."), Exs. 2, 3. All of Plaintiff's claims against HireRight must be dismissed under Rule 12(b)(6) with prejudice for this threshold reason.

Furthermore, as in his Complaint and FAC, Plaintiff in the SAC conflates the alleged acts of HireRight and Workday. He also muddles his statutory allegations, referencing two statutes in the background facts only, and three different statutes in a single claim, leaving it unclear which laws underpin his claims. The SAC thus fails to provide a plain statement of the factual allegations or give HireRight adequate notice of the claims against it, necessitating dismissal under Rule 8.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether Plaintiff states a plausible claim under Rule 12(b)(6) against HireRight under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A); Cal. Lab. Code § 432.3; or Cal. Lab. Code § 1197.5 (Counts 4 and 5)?

---

[1] Counsel for HireRight and Defendant Workday, Inc. conferred with Plaintiff's counsel on November 30, 2021, before either the FAC or the SAC was filed. Counsel conferred again on February 10, 2022 regarding the defects described in this Memorandum.

2. Whether Plaintiff states a plausible claim under Rule 12(b)(6) against HireRight under the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786.16(a)(2) (Count 6)?

3. Whether Plaintiff states a plausible claim under Rule 12(b)(6) against HireRight under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (Count 8)?

4. Whether Plaintiff's SAC satisfies the pleading standards of Rule 8?

5. Whether the defects in Plaintiff's SAC can be cured?[2]

Every issue should be resolved in HireRight's favor under Rules 12(b)(6) and 8, and Plaintiff's claims against HireRight in the SAC should be dismissed with prejudice.

## ALLEGATIONS AND PROCEDURAL HISTORY[3]

### I. Plaintiff's Allegations

HireRight is a consumer reporting agency ("CRA"). *See* SAC, ECF No. 23 ¶ 3. It provides employment background screening reports to current and prospective employers, such as Workday. *See id.* Workday is a Delaware corporation operating in California. *Id.* ¶ 2.

Plaintiff alleges he applied for a job at Workday around May 2021 and was hired in June 2021. *Id.* ¶¶ 4, 45. After he was provisionally hired, he received background check disclosure and authorization forms, along with Workday's Proprietary Information and Inventions Assignment Agreement. SAC ¶¶ 5, 48, 53; Fouts Decl. ¶¶ 6–9 & Ex. 2. The disclosure and authorization forms included: 1) an FCRA disclosure and authorization form, titled "Disclosure and Authorization Regarding Background Investigation for Employment Purposes" ("the FCRA Disclosure"); 2) an ICRAA disclosure form, titled "California Disclosure" ("the ICRAA Disclosure"); and 3) an authorization for background investigations for employment purposes, titled "Other Disclosures,

---

2 Plaintiff's Complaint and FAC contained a separate California Consumer Credit Reporting Agencies Act ("CCRAA") count, but the SAC contains no CCRAA count, just two allegations in the background facts section referencing the CCRAA in passing. SAC ¶¶ 43–44. During the parties' meet-and-confer on February 10, 2022, Plaintiff confirmed he is not asserting a CCRAA claim against HireRight in the SAC, but HireRight addresses the remaining CCRAA allegations out of an abundance of caution.

3 For purposes of this motion only, Plaintiff's allegations in the SAC are assumed true. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019).

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

Acknowledgments & Authorizations Regarding Background Investigation for Employment Purposes" ("the Authorization Form") (collectively, "the Disclosure Forms"). SAC ¶¶ 5, 48; Fouts Decl. ¶¶ 6–9 & Ex. 2. The FCRA Disclosure and ICRAA Disclosure listed multiple categories of information about Plaintiff which *may* be obtained during the background check. SAC ¶¶ 46, 136. Plaintiff alleges the Disclosure Forms did not state personal interviews could be used to obtain the information about Plaintiff. *Id.* ¶ 147. He alleges the disclosure and authorization were combined in a single document, with both state and federal disclosures, and included extraneous information. *Id.* ¶¶ 52, 133, 165–66. On June 7, 2021, Plaintiff signed the FCRA Disclosure and Authorization Form and acknowledged receipt of the ICRAA Disclosure. *Id.* ¶ 45; Fouts Decl., Ex. 2.

After Plaintiff signed the FCRA Disclosure and Authorization Form, HireRight prepared a background report about Plaintiff on June 21, 2021 and provided it to Workday. *See* SAC ¶ 168(b); Fouts Decl. ¶¶ 4–5 & Ex. 1. Plaintiff alleges Workday later terminated him because his background report contained certain criminal conviction history and noted a discrepancy in his employment history because Plaintiff had provided no salary information. SAC ¶¶ 63, 65, 123.

## II. The Incorporated Documents

The background check documents Plaintiff references in the SAC lie at the heart of his claims,[4] but they contradict several of his allegations.

For example, Plaintiff alleges HireRight "knowingly and intentionally requested Plaintiff . . . disclose [his] salary," SAC ¶¶ 189, 211, and "required Plaintiff and other class members' former employers . . . to provide the following information that contained earnings history," *id.* ¶¶ 58, 62. Plaintiff recites a list of the documents HireRight requested which supposedly "contained earnings history." *Id.* ¶ 62. That list appears in HireRight's standard

[4] Plaintiff refers to his background report, disclosure documents, and other background screening documents throughout the SAC. These form the basis of Plaintiff's claims. Therefore, the Court can consider these documents under the incorporation-by-reference doctrine. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (explaining a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a Rule 12(b)(6) motion into a motion for summary judgment), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 449 (9th Cir. 2002). The Court "need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

documentation request notification. *See* Fouts Decl. ¶¶ 10–11 & Ex. 3. That request notification, however, is directed to the applicant, not to the applicant's previous employers. *Id.*, Ex. 3 at 1 ("We have been unable to verify *your* employment . . . . See instructions below for providing W2's, 1099's, pay statements or acceptable documents listed in the attached acceptable documentation list that represent *your* starting and end dates of employment." (emphases added)). Furthermore, the request expressly instructs the applicant to "be sure to ***redact all sensitive personal information*** (such as your Social Security Number, date of birth, ***salary, and other compensation information***)." *Id.* (emphases added). And it expressly warns the applicant that failure to redact this information could result in its provision to the report requestor. *Id.*

Plaintiff also alleges his background report "notes in red that there is a discrepancy in a class members' employment history when a class member does not disclose documentation disclosing his entire earnings history." SAC ¶ 58. In other words, Plaintiff attributes the "discrepancy" to the missing salary information. *Id.* But Plaintiff's background report shows otherwise. *See* Fouts Decl., Ex. 1. The "Employment Plus" section of his report begins with one yellow flag noting that for one of Plaintiff's previous jobs, the "[e]mployer verifie[d] employment" but was "unable to provide dates." *Id.*, Ex. 1 at 3. The report also notes "a discrepancy [had been] found in the start and/or end dates of employment." *Id.*, Ex. 1 at 4. Similarly, in the "Employment" section of Plaintiff's background report, the comments show the "discrepancy [was] in dates," and that HireRight only "requires candidate employment documents to contain candidate name, company name (and affiliation explanation where applicable) and a date reference." *Id.*, Ex. 1 at 5. In a side-by-side comparison of the "Information Provided" and the "Information Verified," it is clear there were no salary or earnings discrepancies. *Id.*, Ex. 1 at 5–6.

## III. Procedural History

Plaintiff filed a putative class action against Workday and HireRight on September 28, 2021. Compl. Plaintiff's Complaint included eleven claims against Defendants, only five of which were nominally alleged against HireRight. *Id.* ¶¶ 61–213. On November 30, 2021, Defendants met and conferred with Plaintiff about the Complaint. HireRight apprised Plaintiff of the numerous substantive deficiencies and fatal defects in his Complaint, including those detailed herein.

On December 1, 2021, Plaintiff filed the FAC. ECF No. 19. Yet, his amendments addressed none of the deficiencies Defendants identified during their meet-and-confer, nor did he revise his scattershot allegations in any meaningful way. *See generally id.* (leaving the original allegations and the original eleven claims unchanged). Instead, Plaintiff simply added seven factual allegations and a twelfth claim, all pertaining solely to Workday. *Id.* ¶¶ 61–67, 221–42.

On January 7, 2022, Plaintiff sought leave to amend his complaint a second time. ECF No. 21. This Court granted leave, and Plaintiff filed his SAC on January 17, 2022. ECF No. 23.

The SAC is largely identical to the Complaint and FAC. However, Plaintiff removed most allegations referencing the CCRAA; removed a reference to "HIPPA"; and added allegations referencing the California Equal Pay Act, California Labor Code § 1197.5. *See generally* SAC. Plaintiff also replaced most references to "Defendants" with references to either "Workday and HireRight," or "Workday," or "HireRight." *See generally* SAC. The SAC alleges only four claims against HireRight, in Counts 4, 5, 6, and 8:

4) Failure to make proper FCRA disclosures, 15 U.S.C. § 1681b(b)(2)(A);

5) Failure to obtain proper FCRA authorizations, 15 U.S.C. § 1681b(b)(2)(A);

6) Violation of the ICRAA, Cal. Civ. Code § 1786.16(a)(2); and

8) Violations of the UCL, Cal. Bus. & Prof. Code § 17200.

*Id.* ¶¶ 131–94, 209–18.

## ARGUMENT

### I. Legal Standards

Dismissal under Rule 12(b)(6) is proper when a complaint exhibits a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Under the *Twiqbal* standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead factual content allowing the court to draw the reasonable inference defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not accept "threadbare recitals of the

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

elements of a cause of action, supported by mere conclusory statements . . . ." *Id.*

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Rashdan v. Geissberger*, No. C-10-00634-SBA, 2011 WL 197957, at *5 (N.D. Cal. Jan. 14, 2011). A complaint which does not distinguish among the alleged acts of multiple defendants fails Rule 8 and "must be dismissed" under Rule 12(b)(6). *Rashdan*, 2011 WL 197957, at *5; *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (describing "shotgun pleadings").

**II. Plaintiff fails to state a claim against HireRight because the FCRA provisions at issue create duties for the party seeking the consumer report (Workday), not the CRA (HireRight) (Counts 4, 5, and 6).**

Plaintiff fails to state a claim under Rule 12(b)(6) against HireRight under the FCRA, CCRAA, ICRAA, California Labor Code § 432.3, or California Labor Code § 1197.5, because those statutes as pled apply only to the employer seeking a consumer report. HireRight was not the employer seeking a report under Plaintiff's allegations.

**A. Plaintiff's FCRA Claims (Counts 4 and 5) apply to the party requesting a consumer report, not a background screener like HireRight.**

Plaintiff asserts two claims under the FCRA. In Count 4, he claims the FCRA Disclosure Form was not "clear and conspicuous," in violation of 15 U.S.C. § 1681b(b)(2)(A)(i). Count 4 fails to state a claim against HireRight because HireRight is not legally responsible for the disclosure.

Not only did the FCRA Disclosure Form use language the Ninth Circuit has deemed compliant, *see Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1088–91 (9th Cir. 2020) (holding disclosure language substantially similar to Workday's satisfied the FCRA), but Section 1681b(b)(2)'s disclosure requirements apply only to the party seeking to ***procure*** the consumer report for employment purposes. 15 U.S.C. § 1681b(b)(2) ("[A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—(i) a clear and conspicuous disclosure has been made in writing to the consumer . . . ."). The procurer is the prospective employer or user, not the creator of the report.

The FCRA "has been drawn with extreme care, reflecting the tug of the competing interests of consumers, CRAs, furnishers of credit information, and users of credit information." *Nelson v.*

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

*Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). The FCRA's definition of a CRA, "as any person which . . . assembl[es] or evaluat[es] consumer . . . information . . . for the purpose of *furnishing* consumer reports to third parties," clearly frames the role of a CRA as a provider of information for the use of others. 15 U.S.C. § 1681a(f) (emphasis added); *Marchioli v. Pre-Employ.com, Inc.*, No. EDCV-16-2305-JGB(DTBx), 2017 WL 2130294, at *7 (C.D. Cal. Jan. 25, 2017). "The FCRA imposes different responsibilities" on CRAs than it does "on users of credit reports," and courts "will not entertain claims that users and CRAs are jointly liable for violating the same provision of the FCRA." *Marchioli*, 2017 WL 2130294, at *7. Looking at the plain language of Section 1681b(b)(2), "[t]he most logical reading of the statute precludes liability for CRAs" because it "only appl[ies] to 'users.'" *Id.* at *8; *see also Grassa v. Jack Gaughen, LLC*, No. 1:09-0770, 2011 WL 1257384, at *9–10 (M.D. Pa. Mar. 11, 2011) (holding "it is clear that § 1681b(b)(2)(A) applies to employers, and not to [CRAs]" and granting CRA's motion for summary judgment), *report and recommendation adopted*, 2011 WL 1257371 (M.D. Pa. Mar. 30, 2011). Therefore, Section 1681b(b)(2)(A)(i) requires only the party procuring and using the consumer report to make the disclosure. And the CRA, as the provider of the report and not its user, cannot be held liable for any deficiencies in the disclosure. *Marchioli*, 2017 WL 2130294, at *8.

Plaintiff alleges Workday procured the report from HireRight and used the report. SAC ¶¶ 1, 5, 48, 53, 123, 168(b); *see also* Fouts Decl., Ex. 1 at 1; Ex. 2 at 1. These allegations coincide with Plaintiff's allegations that he applied to and was hired by Workday, not HireRight. SAC ¶¶ 1, 4–5. HireRight, as the CRA, only provided the report to Workday, rendering Section 1681b(b)(2)(A)(i) ***entirely inapplicable to HireRight***. SAC ¶¶ 3, 6–7, 168(b); Fouts Decl., Ex. 1 at 1; Ex. 2 at 1. Since the statute on which Count 4 relies cannot support a cause of action against HireRight, Count 4 must be dismissed. *Marchioli*, 2017 WL 2130294 at *7–8 (C.D. Cal. Jan. 25, 2017) (dismissing Section 1681b(b)(2) claims against a CRA for failure to state a claim).

Plaintiff also asserts briefly, in two paragraphs within Count 4, that the "disclosure and authorization is overbroad and in [v]iolation of Labor Code [§] 432.3 & California's Equal Pay Act § 1197.5 because a California employer 'may not' seek or prompt an employee to disclose salary history as this disclosure and authorization form does." SAC ¶¶ 141, 144. This claim, irrelevant

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

to Plaintiff's FCRA claims regarding proper disclosure and authorization, is largely duplicative of Count 2 against Workday for violations of California Labor Code § 432.3. Moreover, by Plaintiff's own allegation, that statute prohibits only "California employers," not third parties, from seeking the salary history of *their own applicants or employees*. *Id.* ¶¶ 113, 144. Similarly, California Labor Code § 1197.5, part of the Equal Pay Act, only prohibits "[a]n employer" from paying employees of one sex less than employees of another sex unless the wage differential is based on seniority, merit, or measurable productivity, and from prohibiting its own employees from disclosing or discussing wages. Cal. Lab. Code § 1197.5(a), (k)(1). The Complaint does not allege HireRight was a "California employer" in any way relevant to Plaintiff's claims; Plaintiff did not apply for a job with HireRight. Nothing in California Labor Code § 432.3 or § 1197.5 prohibits HireRight from requesting that an individual provide documentation verifying his employment history—documentation which may or may not happen to contain salary information, depending on which documentation the individual chooses to provide.

Moreover, HireRight did not ask for salary information at all. In its documentation request, HireRight expressly requests that applicants *redact* salary and earnings information from any documents submitted as proof of employment. Fouts Decl., Ex. 3 at 1 ("When sending documentation, please be sure to redact all sensitive personal information (such as . . . *salary, and other compensation information*) (emphasis added))." Count 4 therefore does not state a claim against HireRight and must be dismissed.

Count 5, Plaintiff's other FCRA claim, also depends on a statute that applies only to the *employer* procuring a background check. It does not apply to the vendor providing the background report, and therefore Count 5 fails against HireRight. In Count 5, Plaintiff asserts the authorization form he received violated Section 1681b(b)(2)(A)(ii) of the FCRA. Under this provision,

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless— . . . (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i) [the disclosure form]) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A)(ii). As explained above, Section 1681b(b)(2) only creates a cause of action against the user of a consumer report, and "precludes liability for CRAs." *Marchioli*, 2017

WL 2130294, at *7–8. Again, Plaintiff alleges Workday procured and used the report at issue, not HireRight. SAC ¶¶ 123, 168(b). Since this FCRA provision can never legally apply to HireRight, Count 5 must be dismissed. *Marchioli*, 2017 WL 2130294, at *8.

Finally, while Plaintiff briefly cites Sections 1681b(b)***(1)***(A)(ii) and 1681e(a) of the FCRA in the SAC's introductory paragraphs, which can apply to CRAs, he does not assert a claim or allege any relevant facts against HireRight under those sections. *See* SAC ¶¶ 131–71 and headings for Fourth and Fifth Causes of Action.

Indeed, Plaintiff's factual allegations in the SAC preclude such a claim. Sections 1681b(b)(1) and 1681e(a) of the FCRA require a CRA to obtain from any entity seeking a credit report a certification that the report is sought for one of the purposes listed in Section 1681b(a) and "will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." 15 U.S.C. §§ 1681b(b)(1)(A), 1681e(a). One enumerated permissible purpose for seeking a report is the "inten[t] to use the information for employment purposes." 15 U.S.C. § 1681b(a)(3)(B). Plaintiff admits Workday provided HireRight with that exact certification. *See* SAC, ¶¶ 9–11 ("The [CRA] must obtain a certification from the user that the user will not use the information disclosed in the consumer report to violate any applicable federal or state equal employment opportunity law or regulation. . . . HIRERIGHT receives the above-described certification from WORKDAY.").

Consistent with that certification, the report HireRight provided to Workday included no salary information, and HireRight explicitly instructed applicants to redact any salary or earnings information before submitting proof of employment documents. *See generally* Fouts Decl., Ex. 1; Ex. 3 at 1. Notably, Plaintiff admits his report could not have contained his earnings history because he did not provide any. SAC ¶ 65. He only alleges that his background report was "flagged as having discrepancies because Plaintiff . . . did not disclose [his] earnings history from [his] previous positions, including but not limited to IRS transcripts or every paystub, w-2 or 1099-misc forms [he] received from past work." *Id.*; *see also id.* ¶ 58. But even that heavily caveated allegation is contradicted by the report itself, which reflects a discrepancy only about Plaintiff's dates of employment. Fouts Decl., Ex. 1 at 3–6; *Lazy Y Ranch Ltd.*, 546 F.3d at 588 ("We need not accept

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

as true allegations contradicting documents that are referenced in the complaint."). Nowhere does the report mention "salary" or "earnings," much less a "discrepancy" due to a lack of salary information, or even a placeholder for salary information. *See* Fouts Decl., Ex. 1 at 3–6. The only discrepancy HireRight flagged involved Plaintiff's dates of employment. Since HireRight never provided Workday with any salary information that Workday could have used in violation of a federal or state equal employment opportunity law, Plaintiff has not stated a plausible claim for relief under Sections 1681b(b)(1)(A) or 1681e(a) of the FCRA either.

**B. Plaintiff's CCRAA allegations (paragraphs 43–44) and ICRAA claim (Count 6) apply to the party requesting a consumer report, not the party providing the report like HireRight.**

In paragraphs 43 and 44,[5] Plaintiff alleges the Disclosure Forms he received did not specify the basis for the report or allow him to request a copy of his report, in violation of the CCRAA, California Civil Code § 1785.20.5(a). SAC ¶¶ 43–44. These allegations fail to state a claim against HireRight for two reasons.

*First*, this statute only applies to "consumer *credit* reports." Cal. Civ. Code § 1785.20.5(a) (emphasis added). The CCRAA defines consumer credit reports as "reports . . . regarding an individual's credit-worthiness, credit standing, or credit capacity . . . ." Cal. Civ. Code § 1785.3(c). If a report contains no credit-worthiness or -history information, it is not a "consumer credit report" and does not trigger the CCRAA's notice requirements. *See Gomon v. TRW, Inc.*, 28 Cal. App. 4th 1161, 1167, 34 Cal. Rptr. 2d 256 (1994). Plaintiff does not allege Workday requested a credit report about Plaintiff, and HireRight's report did not include any credit information. *See generally* SAC; Fouts Decl., Ex. 1. Since the "employment information furnished . . . had [no] bearing on [Plaintiff's] credit, it was not a consumer credit report under the CCRAA," and HireRight cannot be liable under the CCRAA for a report it did not provide. *Gomon*, 28 Cal. App. 4th at 1167, 1170.

*Second*, the CCRAA does not apply to a CRA like HireRight because, like the FCRA, it requires only the "*the user of the report* [to] provide written notice to the person involved . . . ." Cal. Civ. Code § 1785.20.5(a) (emphasis added). Again, a CRA "provid[ing] information for the

[5] As stated in note 1, *supra*, Plaintiff's SAC omits the CCRAA count from the Complaint and FAC but retains references to the CCRAA in paragraphs 43 and 44.

use of others" is not the "user" of the report. *Marchioli*, 2017 WL 2130294, at *7–8. Because a CRA has no legal obligation under the CCRAA, Plaintiff cannot state a claim against HireRight under it. *See Marchioli*, 2017 WL 2130294, at *7–8.

In Count 6, Plaintiff asserts HireRight violated the ICRAA, Cal. Civ. Code § 1786.16(a), by failing to comply with California's disclosure and authorization requirements for investigative consumer reports. SAC ¶¶ 178–84. The statute states, "the person seeking the investigative consumer report may procure the report" if "the person procuring or causing the report to be made has a permissible purpose," and "the person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing," and "the consumer has authorized in writing the procurement of the report." Cal. Civ. Code § 1786.16(a). This statute again regulates only the party "procur[ing]" the report, not the CRA providing the report. And Section 1786.16 also requires the "person procuring the report" to "certify to the . . . [CRA]" that the person procuring the report had complied with the disclosure requirement, *Connor v. First Student, Inc.*, 423 P.3d 953, 1033 (2018) (quoting Cal. Civ. Code § 1786.16), thus removing any possibility of conflating the report user with the CRA or attributing the user's legal duties to the CRA.

Here, HireRight did not procure a report on Plaintiff and is not liable for any alleged deficiencies in the disclosure and authorization forms. *See supra* Section II.A. The underlying statute does not govern HireRight's alleged conduct, and HireRight could not have violated it. *Connor*, 423 P.3d at 1033 (distinguishing a "person procuring the report" from a CRA for purposes of Section 1786.16(a)); *Marchioli*, 2017 WL 2130294, at *7–8 (finding CRAs not liable under similarly worded FCRA provisions). Therefore, Count 6 against HireRight must be dismissed.

## III. Plaintiff's derivative claim under the California UCL is preempted by the FCRA and fails with Plaintiff's other failed claims (Count 8).

Plaintiff fails to state a claim against HireRight under California's UCL, Cal. Bus. & Prof. Code § 17200, in Count 8. This statute prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff's claim is entirely derivative of his other claims and fails for the same reasons. Relying on facts "described above" – in which Plaintiff alleges he was hired by Workday, not HireRight, SAC ¶ 4

Troutman Pepper Hamilton Sanders LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

– Plaintiff claims HireRight's "agreements, policies, and practices with respect to its California-based employees violate numerous laws and constitute unfair and unlawful business practices." *Id.* ¶ 210. Based on those policies, Plaintiff alleges HireRight engaged in unlawful business practices by violating "numerous provisions of the FCRA, ICRAA, and California Labor Code." *Id.* ¶ 213. Count 8 must be dismissed for at least three reasons.

*First*, nearly all the allegations in this claim are copied and pasted from Count 7, which alleges unlawful business practices ***by Workday***, based on an employer-employee relationship. Plaintiff had no employer-employee relationship with HireRight, and he has alleged no facts supporting findings of HireRight's violation of the FCRA, ICRAA, or any other law against any HireRight employee. Plaintiff was a prospective *Workday* employee, and the putative classes include *Workday's* employees and applicants. *Id.* ¶¶ 4, 20–23. Therefore, Plaintiff has no standing to assert violations with respect to *HireRight*'s "California-based employees." *Id.* ¶ 210.

*Second*, as explained in Sections III and IV, *supra*, Plaintiff has failed to plausibly allege HireRight has violated the FCRA, ICRAA, or California Labor Code §§ 432.3 or 1197.5. The failed claims in Counts 4, 5, and 6 cannot support his UCL claim in Count 8. *Kemp v. Accurate Background, Inc.*, No. 30-2021-01188280-CU-OE-CXC, ROA No. 140 at 14 (Orange Cty. Cal. Super. Ct. Dec. 17, 2021) (unpublished) (sustaining demurrer to derivative UCL claims after sustaining demurrers to the underlying FCRA and ICRAA claims) (quoting *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 950 (2018) ("[W]hen the underlying legal claim fails, so too will a derivative UCL claim.")).

*Third*, Plaintiff seeks a permanent injunction preventing HireRight from continuing its alleged violations of Section 17200, but any claim for injunctive relief based on an underlying FCRA violation and any other claim based on violations of common law duties (though none are currently alleged) is preempted by the FCRA. Money damages are not available under Section 17200, only equitable relief. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312, 207 P.3d 20, 93 Cal. Rptr. 3d 559 (2009) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144, 63 P.3d 937, 131 Cal. Rptr. 2d 29 (2003)). But the FCRA limits a plaintiff's private cause of action to actual or statutory damages and reserves all injunctive relief for the Federal Trade Commission.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

15 U.S.C. §§ 1681n (allowing money damages only), 1681o (same), 1681s(a) (reserving injunctive relief to the FTC); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the FTC.").

Because the FCRA expressly preempts any state law inconsistent with its remedial scheme, 15 U.S.C. § 1681t(a), and the only remedy available under Section 17200 is unavailable to private plaintiffs under the FCRA, 15 U.S.C. §§ 1681n–1681o, 1681s(a), Section 17200 is not a separate remedy for alleged FCRA violations. *Quadrant Info. Servs., LLC v. LexisNexis Risk Sols., Inc.*, No. 11-cv-6648 SBA, 2012 WL 3155559, at *3 (N.D. Cal. Aug. 2, 2012) (holding FCRA preempted UCL claims under Section 17200 seeking injunctive relief); *Roe v. LexisNexis Risk Sols., Inc.*, No. CV 12-6284 GAF (Ex), 2013 WL 11246904, at *7 (C.D. Cal. Mar. 19, 2013) (same).

Furthermore, to the extent Plaintiff attempts to base his Section 17200 claim on invasion of privacy allegations relating to earnings disclosures, Section 1681h(e) expressly preempts consumers from bringing actions "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any [CRA] . . . ." 15 U.S.C. § 1681h. Section 1681t extends the scope of the FCRA's preemption even further, to encompass any other state-law action, statutory or otherwise, relating to information contained in consumer reports, duties of those who take any adverse action against a consumer, and much more. *See* 15 U.S.C. § 1681t(a) and (b) (preempting, among other things, any state law inconsistent with the FCRA, relating to information contained in consumer reports, or relating to adverse action-related duties). For this reason, and even taking Plaintiff's SAC in the most favorable light possible, the FCRA preempts his UCL claim. Plaintiff's purely derivative claim in Count 8 must be dismissed with prejudice.

## IV. Plaintiff's shotgun complaint cites no wrongful act by HireRight and violates Rule 8.

Finally, Plaintiff's SAC is an improper shotgun pleading that violates Rule 8 and must be dismissed for this additional reason. "Shotgun pleadings . . . overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations, and are unacceptable under the pleading standards of Rule 8, *Iqbal*, and *Twombly*." *Gillespie v. Cnty. of Alameda*, No. 20-CV-03735-DMR, 2020 WL 5106858, at *2 (N.D. Cal. Aug. 31, 2020) (quoting *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766 AG

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

(ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010)). Because shotgun pleadings fail to give defendants "a clear statement about what defendants allegedly did wrong," they interfere with the proper functioning of the judicial system by complicating discovery, hampering the court's ability to control its docket, and "consum[ing] an inordinate amount of a court's time." *Sollberger*, 2010 WL 2674456, at *4 (citations omitted). Here, the SAC violates Rule 8 because it improperly conflates the alleged conduct of and claims against Defendants HireRight and Workday.

*First*, virtually all of Plaintiff's legal allegations fail to distinguish between HireRight the CRA and Workday the employer. *See, e.g.*, SAC ¶ 39 ("The FCRA, ICRAA, California's Equal Pay Act § 1197.5 or the California Labor code does not permit Workday and HireRight to seek reports related to the class's earning history."); *id.* ¶ 133 ("Workday and HireRight violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including extraneous information in their background check disclosure and authorization form."); *id.* ¶ 134 ("Workday and HireRight knew that its background check disclosure and authorization form should not include extraneous information."); *see generally id.* ¶¶ 136–45, 178–82. HireRight's inclusion in this suit is puzzling, given Plaintiff's specific allegations that ***Workday***, not HireRight, was the employer requiring Plaintiff to complete a background check disclosure and authorization form. *See id.* ¶¶ 1, 4, 5 ("Plaintiff applied to Defendant **WORKDAY** in San Francisco, California. In June 2021, **WORKDAY** hired Plaintiff. After plaintiff was hired, he filled out **WORKDAY's** standard application form permitting **WORKDAY** to obtain 'consumer report' [sic] of Plaintiff." (emphases added)). And the fact that the statutes on which Plaintiff relies do not apply to HireRight, as the CRA, at all, *see supra* Sections II and III, magnifies the prejudice to HireRight caused by the indiscriminate drafting.

Count 8, Plaintiff's UCL claim, which depends on Counts 4 through 6, incorporates by reference all of the foregoing at-best-ambiguous and at-worst-misleading allegations, thus polluting this count as well. The allegations against HireRight are conclusory legal assertions, copied and pasted from the preceding parallel count against Workday, and seem to mistake HireRight for Workday. *Compare* SAC ¶¶ 203–07 ("***Workday*** violated the unfair prong of the UCL in that they gained an unfair business advantage by failing to comply . . . ." (emphasis added)) *with id.* ¶¶ 213–17 ("***HireRight*** violated the unfair prong of the UCL in that they gained an unfair business

advantage by failing to comply . . . ." (emphasis added)). Furthermore, nearly all of those allegations use plural pronouns to refer to the alleged bad actors, which would not apply to HireRight as a single entity, thus building on the confusion. *See, e.g.*, SAC ¶ 215 ("HireRight violated the unfair prong of the UCL *in that **they** gained an unfair business advantage by failing to comply with state and federal mandates* . . . ." (emphasis added)).

Plaintiff nowhere alleges he applied to work for HireRight, was employed by HireRight, or was required by HireRight to sign an authorization form as a condition of employment with HireRight. *See generally* SAC. Rather, Plaintiff alleges that HireRight is "engaged in the business of *providing* background checks for employees," not obtaining them itself. SAC ¶ 3 (emphasis added). Since HireRight was not Plaintiff's employer and had no reason or legal obligation to provide any authorization form, Plaintiff's overbroad references to "Workday and HireRight" leave HireRight uncertain how the allegation could be rationally directed at it.

*Second*, Plaintiff muddles the legal claims themselves. For example, nearly all the allegations in Count 5 refer to alleged deficiencies in the disclosure (the subject of Count 4), rather than deficiencies in the authorization form (the subject of Count 5), leaving it unclear which cause of action these allegations actually support. *See, e.g.*, SAC ¶¶ 155, 161–67. And Count 4, which is titled "Failure to Make Proper Disclosures in Violation of the FCRA [15 U.S.C. § 1681b(b)(2)(A)(I), *et. seq*.]" includes allegations under California Labor Code §§ 432.3 and 1197.5, although the SAC contains no standalone claims under those statutes. Again, HireRight is left guessing whether Plaintiff has attempted to bring causes of action under those other statutes, and which allegations are intended to be relevant to the FCRA claim, particularly given the conclusory nature of many of the allegations. Plaintiff's third complaint remains as ambiguous as his first.

This Court regularly rejects "everyone did everything" shotgun pleadings like this one. *Gillespie*, 2020 WL 5106858, at *2 (citing *Destfino*, 630 F.3d at 958). Complaints against multiple defendants, "where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong," are improper. *Sollberger*, 2010 WL 2674456, at *4. Here, while Plaintiff has replaced

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

15 Case No. 4:21-CV-07555-EMC
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

most of the omnibus "Defendants" references that plagued the first two complaints, the majority of those references were replaced with the equally broad "Workday and HireRight"—the only two defendants. *Compare* FAC ¶¶ 26, 105–06, 108–16, 125–30, 166–70, *with* SAC ¶¶ 39, 133–34, 136–45, 178–82. Thus, despite HireRight's distinct role and duties as a CRA, Plaintiff's SAC lumps HireRight together with Workday "without identifying what the particular defendant[ ]"—the CRA—"specifically did wrong." *See Sollberger*, 2010 WL 2674456, at *4. Similarly, where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then indiscriminately incorporates every preceding (and in this case, subsequent) allegation by reference into each count, defendants are "deprive[d] . . . of knowing exactly what they are accused of doing wrong." *Id.* Where a complaint does not bother to differentiate between defendants and ensure that the factual allegations relate to a specific defendant's wrongful conduct, the complaint should be dismissed as to that defendant. *Gillespie*, 2020 WL 5106858, at *2.

As here, in *Gillespie*, the plaintiffs alleged civil rights violations against multiple defendants, but their factual allegations only applied to one of the defendants, and it was unclear whether plaintiffs claimed the other defendants were directly involved or liable under a supervisory theory. *Id.* The court thus held the complaint "clearly" qualified as an "everyone did everything" shotgun pleading and dismissed the only-vaguely-implicated defendants. *Id.* Similarly, in *Rashdan v. Geissberger*, the court dismissed claims for Title VI violations and intentional infliction of emotional distress against individual defendants where "only the University [wa]s alleged to have received federal funds and discriminated against Plaintiff." 2011 WL 197957, at *8, 10. Because Title VI precluded liability against individuals, and the plaintiff merely reincorporated preceding claims into her emotional distress claim, rather than alleging specific "extreme and outrageous" conduct, the allegations against the individual defendants failed to state a claim. *Id.*; *see also McCracken v. Wells Fargo Bank, N.A.*, No. 17-CV-01562-LB, 2017 WL 1428716, at *2 (N.D. Cal. Apr. 20, 2017) (dismissing complaint under Rule 8 where the plaintiff had not "tied specific claims to specific defendants—so that it [was] hard, if not impossible, to know exactly whom the plaintiff [was] suing for what"). As in *Gillespie*, *Rashdan*, and *McCracken*, Plaintiff's shotgun pleading fails to distinguish HireRight from its co-defendant, necessitating dismissal.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

**V.    The defects identified in Workday's concurrent motion to dismiss also merit dismissal of Plaintiff's SAC.**

In addition to the largely HireRight-specific defects detailed herein, HireRight incorporates by reference Workday's arguments in its Motion to Dismiss.  Even if the claims alleged against HireRight could be brought against a CRA like HireRight (they cannot), the claims fail because 1) Workday's disclosure and authorization forms complied with the FCRA, *see Walker*, 953 F.3d 1082 (holding disclosure language substantially similar to Workday's satisfied the FCRA); 2) Workday's disclosure and authorization complied with the ICRAA; and 3) Plaintiff has not suffered a cognizable injury to establish standing under the UCL and Article III of the U.S. Constitution.  These additional defects necessitate dismissal with prejudice of Plaintiff's SAC.

**VI.    The Court should dismiss Plaintiff's claims against HireRight with prejudice.**

Rule 15(a)(1) allows a party to amend its pleading once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1).  Yet, once a party has exhausted its amendment of right, it may not amend its pleading except "by leave of court or by written consent of the adverse party," and such leave "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding denial of leave to file an amended complaint).  Courts in the Ninth Circuit regularly consider five factors in determining whether to grant leave: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.*

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories" relevant to the amendment. *Jackson*, 902 F.2d at 1388.  Here, Plaintiff was fully aware of the defects in his Complaint at least as of the meet and confer on November 30, 2021, prior to filing both his FAC and the instant SAC, yet he chose not to differentiate the defendants or correct his misrepresentation of HireRight's involvement (or lack thereof) in this matter.  Instead, HireRight has been forced to spend its time and resources to bring this motion to dismiss (and, given that Plaintiff filed both amended complaints near the deadline

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

for responsive pleadings, prepare motions to dismiss the two previous complaints as well) to address facially obvious flaws that should not have required the Court's intervention.

Indeed, granting leave to file a fourth complaint would be futile. *See Berry v. UCSF*, No. C-09-0499-EMC, 2009 WL 5092027, at *1 (N.D. Cal. Dec. 17, 2009) ("Futility alone can justify a court's refusal to grant leave to amend."). Plaintiff did not allege any new facts or theories against HireRight specifically in his SAC, and that omission demonstrates that he has no such facts or theories to bring. *See Allen*, 911 F.2d at 374; *Forces Action Project LLC v. California*, 61 F. App'x 472, 474 (9th Cir. 2003) (upholding denial of leave to file amended complaint where Plaintiffs "presented no new facts, but only new theories, and provided no satisfactory explanation for their failure to develop all theories earlier").

To determine whether amendment is futile, "a court typically applies the same standard of legal sufficiency as applies under [Rule] 12(b)(6)." *Berry v. UCSF*, No. C-09-0499 EMC, 2009 WL 5092027, at *1. In *Berry*, a *pro se* litigant obtained counsel, then sought leave to amend his age discrimination complaint to clarify the statute on which he relied and add claims against university employees in their individual capacities. *Id.* The court denied leave to amend because state entities are immune from these claims and "only an employer, and not employees of an employer, can be held liable for a violation of the ADEA." *Id.* at *2.

The same outcome is appropriate here. Plaintiff cannot plead any additional facts which would rescue his claims against HireRight. All of the statutes on which Plaintiff relies for his claims apply only to the ***employer*** who seeks the consumer report, ***not the CRA or provider of a consumer report***. But Plaintiff has already pleaded that Workday was the relevant employer, not HireRight. HireRight is not Plaintiff's employer or prospective employer, but merely the CRA.

Plaintiff cannot amend his Complaint to allege facts contrary to what he has already alleged to be true, and contrary to what *is* true. Since no amendment can rescue any of Plaintiff's claims against HireRight, and since further futile attempts would only subject HireRight to additional expense and delay, all of Plaintiff's claims against HireRight should be dismissed with prejudice.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

## CONCLUSION

For the foregoing reasons, Defendant HireRight, LLC respectfully requests Plaintiff's claims in the SAC against HireRight be dismissed with prejudice.

Dated: February 16, 2022

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Jessica Lohr*
Jessica Lohr
Attorneys for Defendant
HireRight, LLC

19 Case No. 4:21-CV-07555-EMC
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT